[S. F. No. 14897. In Bank.—January 18, 1934.]

WALTER SORENSEN, Respondent, v. CHARLES R. HALL et al., Appellants.

Fred W. Lake for Appellants.

Redmond C. Staats and Edward E. Craig for Respondent.

CURTIS, J.—This is an action in ejectment. The plaintiff claims title to the real property involved through a trust deed executed by defendant Hall and wife; a trustee's deed under proceedings foreclosing said trust deed; and a deed from the purchaser at the foreclosure sale. The defendants are Hall, the original owner of said real property, and Hambly, who derived whatever interest he had in said real property through the defendant Hall. At the trial the plaintiff introduced the three deeds mentioned above and rested. Whereupon defendants moved for a nonsuit, which was denied. The only evidence offered by the defendants to dispute plaintiff's title as shown by the three deeds above mentioned was evidence which tended to refute the recitals in said trustee's deed. This evidence was objected to by the plaintiff, and the objections were sustained by the court. In their answer, defendants denied certain of the allegations of the complaint. They set up

no equitable defenses to plaintiff's cause of action. The trial court gave judgment in plaintiff's favor, from which judgment the defendants have appealed.

The main contention of the defendants is that the recitals in the trustee's deed are not evidence of the facts recited therein, and that it was incumbent upon the plaintiff to offer independent proof sufficient in evidentiary value to establish the facts set forth in the recitals. For instance, the defendants contend that there was no evidence before the court showing that the trustee prior to the sale gave any notice of such sale either by posting or publishing notice of sale as required by law and the provisions of said deed of trust, although the recitals in the trustee's deed show that notice both by posting and by publication was given as required. The same contention is made in regard to the substitution of a trustee under the trust deed. The trust deed under which the plaintiff claims title to said real property provides: "Any deed, conveyance, reconveyance or other instrument herein provided for or permitted, may recite any facts relative to the execution of this trust, or relative to any payment made to the Trustee or Beneficiary, or upon which the legality, effectiveness or regularity of such instrument depends, and such recitals shall be conclusive proof of the truth of the facts recited." Regarding a provision in a trust deed similar to that in the trust deed now before us, this court has ruled: "This provision would not, perhaps, preclude the inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief; but it must be taken as conclusive in a case involving only the legal title, such as the case at bar." (*Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452].) This same point has been before the courts of this state on numerous occasions and the ruling has been invariably against the contention of appellants. (*Stimson* v. *Eckstein,* 22 Cal. 580, 591; *Carey* v. *Brown,* 62 Cal. 373, 375; *Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613, 617 [130 Pac. 15]; *Roberts* v. *Colyear,* 179 Cal. 669 [180 Pac. 937].)

In the last-cited case this court said: "The trustee's deed did not, by virtue of its recitals, carry to the grantee any better right or title than the trustors had when they executed the deed of trust. But the respondent does not claim

any greater effect for it. The recitals are relied upon as binding the interest of the trustors. To this extent, at least, they are effective. (Citing authorities.) The deed containing them is admissible in an action of ejectment, as against the·grantor or other person in possession, and no further evidence is necessary to show that the plaintiff has succeeded to such title and right of possession as the trustor had when he made his deed of trust. (3 Jones on Mortgages, 7th ed., sec. 1830.)'' The following decisions of the District Courts of Appeal are to the same effect as those of this court: *Continental Building & Loan Assn.* v. *Light,* 6 Cal. App. 684 [92 Pac. 1034], *Turner* v. *Marshall,* 90 Cal. App. 345, 347 [265 Pac. 860], *Kelsey* v. *Richardson,* 101 Cal. App. 762, 768 [282 Pac. 515], and *Ley* v. *Babcock,* 118 Cal. App. 525 [5 Pac. (2d) 620].

Appellants concede the force and effect of these decisions, but, nevertheless, claim that they were decided upon an erroneous principle of law and that, notwithstanding their unanimity and the long period of time covered by this uninterrupted series of decisions, this court should overrule them and establish the law upon a correct and legal basis, which the defendants contend would mean the rejection of said recitals as evidence and the requirement of independent and direct proof of the facts set forth therein. We hardly think that the appellants are serious in their contention that these decisions of the court should now be overruled and set aside after the many years which they have stood as containing a correct declaration and exposition of the law upon the subject of the regularity and effectiveness of a trustee's deed. The law announced therein has become a rule of property upon which rests the validity of the title to thousands of pieces of real property in this state of incalculable value, and its revocation at this time by this court would render invalid an untold number of contracts and undertakings which have been entered into by the parties thereto in reliance upon the rule of property established by the decisions above cited. No sufficient showing, in fact, no showing whatever, has been made by appellants that would call for or justify such drastic action on the part of this court.

The further claim is made that the recitals in the trustee's deed are not recitals of fact, but conclusions of

law only. These recitals are those usually found in trustees' deeds of this character. Regarding posting and publishing of notice, the trustee's deed recites that in compliance with the deed of trust the trustee on the date stated therein, "caused to be posted a written notice of the time and place of sale. of said real property which notice contained a particular description of said real property in three public places in the City of Berkeley, Township of Oakland, County of Alameda, State of California, in which city, township and county said real property is situate, and also in a conspicuous place on the property to be sold and described in said notice; and . . . said party of the first part [the trustee] did cause to be published a copy of said notice once a week for a period of twenty days immediately preceding the day of sale in a newspaper of general circulation, to-wit: The Courier, printed and published in the city and township in which said real property is situate . . . " These recitals were of ultimate facts as contradistinguished from conclusions of law. (*Ley* v. *Babcock*, 118 Cal. App. 525, 527 [5 Pac. (2d) 620].)

 The contention that the evidence is not sufficient to show title to the real property as against defendant Hambly is without merit. Both plaintiff and Hambly claim title through a common source, that is, through Hall. It was only necessary, therefore, for the plaintiff to prove title from Hall. No contention is made that Hambly acquired any interest in said real property until long subsequent to the execution and recordation of the trust deed from Hall and wife to plaintiff's grantor.

 The contentions that the property sold was different from that conveyed by the deed of trust, and that the sale was not consummated because the actual cash was not paid at the precise time of sale, are so lacking in merit that a discussion of them is unnecessary. The record is free from error.

The judgment is affirmed.

Langdon, J., Preston, J., Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.