[Sac. No. 4929.  In Bank.—February 11, 1936.]

CENTRAL NATIONAL BANK OF OAKLAND (a National Banking Association), Respondent, v. HENRY BELL et al., Appellants.

Garland Ruddle, *in pro. per.*, James F. Peck, Henry C. Mc-Pike, C. F. Rafferty, Elizabeth M. Maxwell and Louis W. Jefferson for Appellants.

Fitzgerald, Abbott & Beardsley and Charles A. Beardsley for Respondent.

SHENK, J.—The plaintiff, an insolvent national banking association, acting through its duly qualified receiver, brought this action to quiet its title to and recover possession of 8,000 acres of land consisting of town lots and acreage, situated partly in Stanislaus County and partly in Merced County. Some of the answering defendants denied the plaintiff's title deraigned through sales under deeds of trust, and alleged fraud and conspiracy in the conduct of the sales thereunder. The issues were tried, some before the court with a jury, and the equitable issues by the court without a jury. The court granted the plaintiff's motion for a directed verdict on the issues tried before the jury. Judgment for the plaintiff was entered pursuant to the verdict so directed and the findings of the court. This appeal followed.

In 1930 the defendant Louis M. Hickman, a corporation, owned the land in question. In that year it executed its deed of trust conveying the land as security for the repayment to the plaintiff of a loan of $71,000. Subsequently the corporation deeded the land to the defendant Progressive Land and Development Company. The corporation's default in payment occurred and in 1931 the trustees conducted a sale of the property pursuant to notice which designated the city of Oakland, county of Alameda, as the place of sale. At the time and place so noticed the property was offered *en masse* and was sold to the plaintiff bank for the sum of $76,000, the plaintiff having been the highest bidder. Subsequently the bank conveyed the property to the defendant Henry Bell, who was a nominee of the Progressive Land and Development Company, in return for a note and deed of trust on the property securing payment of $76,000 to the plaintiff. Default was committed under this note and trust deed and a second trustee's sale was held in the county of Stanislaus. The original published time for the sale was April 26, 1933. The sale was not concluded on the day noticed, but by oral proclamation, in accordance with the provisions of the trust deed, the sale was postponed four times until it was finally consummated on August 8th. The land was first offered in parcels with the statement that the trustees reserved the right to offer the property also *en masse* and to consummate the sale pursuant to whichever method brought forth the larger aggregate bid for the property. At the sale the defendants Ruddle and Niderost, acting for themselves and other defendants, bid the aggregate sum of $2,027 for the town lots and parcels of 40 acres or less, the bid including 2,027 acres. No separate bids were made on the remaining acreage. The trustees thereupon offered the property *en masse*. The plaintiff bid the sum of $85,000, and there being no other bids the trustees elected to sell the property to the plaintiff for that price.

The defendants first contend that the sale under the first deed of trust was invalid because it was held in Oakland, which is outside the counties where the property is situated. The first deed of trust, which was executed on January 23, 1930, expressly provided that the "place of sale may be either in the county in which the property to be sold is situated or in the city of Oakland, County of Alameda, State of Cali-

fornia''. In 1931 the legislature amended section 694 of the Code of Civil Procedure, effective prior to the date of sale under the first deed of trust, to provide that ''all sales of property under execution or under power contained in any deed of trust hereafter executed must be held in the county where said property or some part thereof is situated''. The trust instrument, however, was not one executed after the effective date of the amendment to said section. Inasmuch as it expressly authorized the sale to be held in Alameda County there was no invalidity by reason of the sale having been held in the city of Oakland. (*San Diego Improvement Co.* v. *Brodie,* 215 Cal. 97 [8 Pac. (2d) 1027]; *Mortgage Guarantee Co.* v. *Smith,* 9 Cal. App. (2d) 618 [50 Pac. (2d) 835].)

█ The defendants on the trial endeavored to show that the notices required by section 692, subdivision 9, Code of Civil Procedure, did not remain posted for twenty days prior to the date of sale. The evidence was held inadmissible and excluded by the court. The court did not err in its ruling. It is sufficient in this respect to note that the trust deeds provided that in event of sale thereunder, the recitals in the trustees' deeds, of default, request to sell, publication and posting of notice, postponements of sale, etc., should be conclusive evidence of all such facts recited. In this action and on the record before us the defendants were concluded by the recitals in the trustees' deeds. (*Sorensen* v. *Hall,* 219 Cal. 680 [28 Pac. (2d) 667]; *Stevens* v. *Plumas Eureka Annex Min. Co.,* 2 Cal. (2d) 493 [41 Pac. (2d) 927].)

█ The case before us involves only the question of the legal title. The defendants sought to sustain their allegations of fraud by proof of such matters only as that the notices were not kept posted for twenty days; that the notices were not posted twenty days prior to the date of actual sale as distinguished from the day noticed for the sale; that notices of the various postponements were not posted on the property; that the sales *en masse* rendered them invalid; that the procedure followed at the second sale in offering the property first in parcels and then *en masse* rendered the sale invalid in the absence of notice to that effect in the published notice of sale, and that the defendants were entitled to have their bids at such sale accepted; that the trustees failed to

make a personal examination of the property to acquaint themselves with its value and to see that notices had been posted, and by such examination to ascertain personally the truth of the recitals in the trustees' deeds; and that the sales were at prices less than the reasonable market value of the property. All of these matters either were concluded by the recitals in the trustees' deeds or were in the exercise of the power expressly conferred by the provisions of those instruments. Merely alleging fraud cannot be deemed to open wide the door to the defendants to attack the truth of the recitals in the trustees' deeds and the appropriate exercise of the powers conferred thereby, in the absence of any proof of actual fraud or oppression committed by the trustees, and none was offered. None of the matters relied on by the defendants could, either separately or together, give rise even to a surmise that any fraud was committed by the trustees in the conduct of the sales under either of the trust deeds. On the contrary it appears obvious from the facts before us that the trial court was justified in concluding that at both sales the trustees disposed of the property in the manner best calculated to induce the greatest return for the property. Furthermore, at the trial the plaintiff offered to reconvey the property on payment of the amount of the debt, and its offer was refused. This offer, and the bids averaging $1 an acre made by certain of the defendants for a portion of the property at the second sale, are scarcely consistent with the badge of fraud sought to be impressed by reason of any disparity between the amount for which the property was sold and its market value. ■ It is no new doctrine in this state that mere inadequacy of price is not sufficient ground for setting aside a trustee's sale legally conducted, in the absence of proof of some element of fraud, unfairness or oppression by which the result is brought about. (*Stevens* v. *Plumas Eureka Annex Min. Co., supra.*) The court, therefore, did not err in ruling out evidence of market value in the absence of any offer to prove the additional essential element.

■ It is also urged that the plaintiff should have offered evidence of title beyond the proof of title in the defendant Louis M. Hickman corporation. That corporation was the common source of the title claimed by the plaintiff and the other defendants. In such a case it is unnecessary to offer

proof of title beyond such common source.   (*Sorensen* v. *Hall, supra.*)

Other grounds for reversal have been examined and found to be without merit.

The judgment is affirmed.

Thompson, J., Curtis, J., Conrey, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.