[L. A. No. 15655. In Bank.—May 15, 1936.]

LEROY JAMES COBB et al., Appellants, v. CALIFORNIA BANK (a Corporation) et al., Respondents.

R. C. W. Friday for Appellants.

Swanwick, Donnelly & Proudfit and Tom W. Henderson for Respondents.

CURTIS, J.—Motion to dismiss appeal or affirm judgment on the ground that the appeal is taken for delay only, and the questions upon which the decision of the cause depends, are so unsubstantial as not to require further argument.

The points relied upon by appellants in their briefs are (1) In the sale of real property under a trust deed, where a number of continuances were had, the sale was illegal when the only notices of such continuances were given orally at the time of such continuances, and (2) No notice of sale was posted upon the premises to be sold, as required by section 692, subdivision 3 of the Code of Civil Procedure.

■ Answering the first point made above, this court in two recent cases has held that where the trust deed provides that the trustee may from time to time postpone such sale by proclamation made at the time of postponement, no further notice need be given by posting or publication. The trust deed under which the property involved herein was sold contained such a provision. There is no merit, therefore, in appellants' first point. (*Alameda County Home Investment Co.* v. *Whitaker*, 217 Cal. 231 [18 Pac. (2d) 662]; *Craig* v. *Buckley*, 218 Cal. 78, 80 [21 Pac. (2d) 430].)

■ The second point is equally untenable. The deed of trust under which the property was sold contains the usual recitals that the recitals in the trustee's deed of any matters of fact affecting the regularity or validity of the foreclosure sale shall be conclusive proof of the truthfulness thereof, and that said trustee's deed shall be conclusive against all persons as to all matters of fact therein recited. The trustee's deed recites that a copy of the notice of trustee's sale was posted in a conspicuous place on the property to be sold. The appellants herein were concluded by these recitals in the trustee's deed. (*Sorensen* v. *Hall*, 219 Cal. 680 [28 Pac. (2d) 667]; *Central National Bank of Oakland* v. *Bell*, 5 Cal. (2d) 324 [54 Pac. (2d) 1107].)

The motion to affirm is granted, and the judgment is affirmed.

Shenk, J., Langdon, J., Waste, C. J., and Conrey, J., concurred.