[Civ. No. 13958. Second Dist., Div. Three. Dec. 3, 1943.]

TONY MAE HOLLAND, Appellant, v. PENDLETON MORTGAGE COMPANY (a Corporation), Respondent.

Harold B. Pool for Appellant.

Hooper & Miller and Lloyd O. Miller for Respondent.

SHAW, J. pro tem.—This is an appeal by plaintiff from a judgment for defendant in an action for declaratory relief. The individuals named as defendants were dismissed at the trial, and the judgment appealed from runs in favor of the corporate defendant only, which will hereinafter be referred to as the defendant. Plaintiff's complaint shows that she, being the owner of described real property, executed, as security for two promissory notes, two trust deeds of this property, which were assigned to the defendant, that the defendant recorded notices of default under these trust deeds and caused sales of the property to be made under them, at each of which defendant became the purchaser, that these sales were not made at the time stated in the notices of sale, that the plaintiff claims the sales were void, and that defendant disputes this claim. The trial court found the sales to be valid, and entered judgment declaring that the plaintiff has no right, title or interest in the real property in question and defendant is the owner thereof.

The facts regarding the sales are not in dispute. The defendant recorded notices of default under the two trust deeds

on July 1, 1936. Thereafter the trustee (the same one being named in both trust deeds) gave due notice of sales to be held under the deeds on February 5, 1937, and at that time the trustee postponed the sales to February 15, 1937. On February 15, the sales were again postponed to July 2, 1937, and on July 2, they were postponed until February 2, 1938. Each of these postponements was made by the trustee by a public announcement made at the time and place previously fixed for the sale, and in pursuance of an order of court made in proceedings under the moratorium statute. The sales were made on August 17, 1937. No other or further notice of sale was given by the trustee after the original notice of sale to be made on February 5, 1937, and no notice of any sale to be held on August 17, 1937, was ever given.

Each of the trust deeds required the trustee before making a sale to give "notice of the time and place of such sale in the manner and for a time not less than that required by the laws of the State of California for sales of real property under Deeds of Trust." Section 2924 of the Civil Code, as it read at the time of these proceedings, required notice of sale of real property under a trust deed made as security, to be given "in the manner and for a time not less than that required by law for sales of real property upon execution." Section 692 of the Code of Civil Procedure, as in force at the same time, provided that, "Before the sale of property on execution or under power contained in any deed of trust, notice thereof must be given as follows: . . . In case of real property: by posting a similar notice . . . for twenty days . . . and publishing a copy thereof once a week for the same period. . . ." Detailed provisions for the places and medium of posting and publication and the contents of the notice, not being material here, are omitted from the last quotation.

It is at once apparent that these provisions of law and of the trust deeds were not complied with in respect to the sales made on August 17, 1937. No notice whatever of those sales was either posted or published, nor were they postponed to that date from any previous time fixed for them. Unless saved by some of the matters presently to be discussed, these sales were invalid, and the finding that they were valid is without support in the evidence. (*Winbigler* v. *Sherman* (1917), 175 Cal. 270, 272 [165 P. 943]; *United Bank & Trust Co.* v. *Brown* (1928), 203 Cal. 359 [264 P. 482]; *Seccombe* v.

*Roe* (1913), 22 Cal.App. 139, 143 [133 P. 507]; *Standley* v. *Knapp* (1931), 113 Cal.App. 91, 102 [298 P. 109].)

■ The details of the moratorium proceedings which resulted in the postponements of the sales are not before us. While the files of those proceedings appear to have been introduced in evidence they are not in the record. We must presume that these proceedings were regular and the postponement orders were valid. ■ The trust deeds also provide that sales under them may be postponed from time to time by the trustee by public announcement at the time fixed, without further notice. If the sales had been held at the time fixed by any of the postponements, they would have been valid. (*Cobb* v. *California Bank* (1936), 6 Cal.2d 389 [57 P.2d 924]; *Craig* v. *Buckley* (1933), 218 Cal. 78, 81 [21 P.2d 430]; *Alameda County Home Inv. Co.* v. *Whitaker* (1933), 217 Cal. 231, 235 [18 P.2d 662].) ■ But this principle cannot avail the defendant here, for after the sales had been regularly postponed to February 2, 1938, the time was advanced and the sales were made without notice on August 17, 1937.

It appears in the record that after the moratorium order which resulted in the postponement from July 2, 1937, to February 2, 1938, the defendant presented to the court a petition to vacate that order on the ground that plaintiff had failed to comply with its terms. While the contents of this petition as a whole are not before us, the record does show that its prayer was that the previous order be vacated and "that the order heretofore made by the above entitled court may be set aside and that an order be made permitting the petitioner, the and/or Southern Title Guaranty Co., a corporation, trustee under said trust deeds, to proceed forthwith in accordance with law to sell said property in satisfaction of said trust deeds." On August 13, 1937, the court made an order on this petition which reads "Petition is granted." Defendant construes this as an order directing that the sales be made forthwith, without any further notice, and the trial court in its findings adopted this construction.

This was error. The order was made under section 17 of the "Mortgage and Trust Deed Moratorium of 1937" (Stats. 1937, p. 460 et seq.; Deering's Gen. Laws, 1937 ed. Act 5101) and must be construed, if possible, so as to be within the authority given by it. ■ This statute is applicable to these

proceedings although they were begun before it was passed and under a prior statute (see secs. 16 and 29). ▮ Section 17 above mentioned provided: "If the trustor . . . defaults in any payment or any act required by order or decree of court, the court, unless good excuse therefor is shown, must order that the sale . . . postponed by its order or decree proceed as provided by law. . . ." Here it was provided by law that before a sale could proceed due notice of its time and place must be given or the sale must have been regularly postponed from some previous time and place of which due notice had been given. No authority was given by this statute for an order to dispense with either of these requirements. The order made, when properly construed, does not purport to do so. In itself it orders nothing, but refers to the petition for a statement of the court's order. In this case the petition contained a prayer for relief, and the order must be construed as granting the relief so prayed for, and no more. Consequently it is an order vacating the previous stay of sales and "permitting" the trustee "to proceed forthwith in accordance with law to sell said property." This does not order sales; it merely permits them and removes a previous impediment. It is not an order to *sell* forthwith, but an order permitting the trustee to *proceed* forthwith in accordance with law, and is in substantial conformity to the statutory authorization.

· ▮ When the order was made, the situation was that sales had been regularly noticed and had been duly postponed under order of the court to a time long after the date of the order. Under the order the trustee might proceed as provided by law either by waiting until the time to which the sales had been postponed and then making them, or by fixing a new date, nearer at hand, and giving new notices of sale. The first course would, of course, not satisfy the desires of the defendant. By the second it would be delayed only twenty days after the order, and to that much delay it must submit, to obtain valid sales. ▮ Defendant suggests that it would, on our construction of the order, be delayed four months. We suppose, although it is not plainly stated, that this is on the theory that defendant would be required to record a new notice of default under section 2924 of the Civil Code, since such notice must be recorded at least three months before notice of sale is given. But this notice of default is not re-

quired to state the time or place of sale and is not a notice of sale. The notice of sale may be given "after the lapse of three months" from the recording of the notice of default. The latter notice would be as effectual for a second as for a first notice of sale, at least under the circumstances of this case.

■ Defendant contends further that the deeds given by the trustee to it in pursuance of the sales are conclusive upon plaintiff that due notice of the sales was given. The trust deeds provide that the recitals in the deeds given by the trustee to purchasers "of any matters or facts affecting the regularity or validity of said sale shall be conclusive proof of the truthfulness thereof and such deed or deeds shall be conclusive against all persons as to all matters or facts therein recited." Such a provision is valid and the recitals made in pursuance of it are conclusive, in the absence of grounds for equitable relief. (*Pacific States S. & L. Co.* v. *O'Neill* (1936), 7 Cal.2d 596, 599 [61 P.2d 1160]; *Cobb* v. *California Bank, supra* (1936), 6 Cal.2d 389; *Central Nat. Bank* v. *Bell* (1936), 5 Cal.2d 324, 327 [54 P.2d 1107]; *Carpenter* v. *Smallpage* (1934), 220 Cal. 129, 133 [29 P.2d 841, 30 P.2d 995].)

■ In this case each of the trustee's deeds contains the recital that "all of the statutory provisions of the State of California and all of the provisions of said Deed of Trust have been complied with as to acts to be performed and notices to be given." If this recital stood alone it might, perhaps, be sufficient, as a statement of ultimate fact, to show that notice was given of the sale that was made (*Sorensen* v. *Hall* (1934), 219 Cal. 680, 684 [28 P.2d 667]), although it is much more general than the recital upheld in the case last cited. But it does not stand alone. Accompanying it in each deed are recitals of all the postponements above mentioned, with a statement that the postponement to February 2, 1938, was "by virtue of Order of Court, Superior Court Case No. 417, 264, which stay of Sale was vacated by the Superior Court of Los Angeles County, Case No. 417,264 on August 13th, 1937," and a statement that the sale was made on August 17, 1937. This shows all the facts on which the sale appears to be invalid. While it does not expressly state that there was no notice of the sale of August 17, it shows that the postponement to February 2 was by order of court and that that order was vacated on August 13. Until the first order

was vacated there could be no lawful notice of sale, and the time between the vacating order and the sale was too short for a proper notice. The case is very much like that where a general finding is accompanied by specific findings absolutely inconsistent with it, in which case the specific findings control. (*Staub* v. *Muller* (1936), 7 Cal.2d 221, 227 [60 P.2d 283]; *Wallace Ranch W. Co.* v. *Foothill D. Co.* (1935), 5 Cal.2d 103, 118 [53 P.2d 929].) The specific recitals must be accepted here as controlling and they show that the sales are invalid.

 Defendant contends that the plaintiff had actual notice of the sale and that this is equivalent to the notice required by law and the trust deeds. We need not decide what would be the effect of such actual notice, for the evidence does not show it. Defendant's contention is largely based on the fact, which was conceded by plaintiff at the trial, that plaintiff and her attorney were present in court on August 13, 1937, and knew of the court's order made that day, and on defendant's claim that this was an order for a sale forthwith. We have already disposed of that claim adversely to defendant. The order as we construe it was not notice to plaintiff of any sale, or of the time or place thereof. There is also some contention that plaintiff's attorney had notice of the sale, but on a careful reading of his testimony it is clear he had knowledge only of the order of August 13, 1937, and of the petition on which it was based.

It appears without dispute that since the sales plaintiff has remained in possession of the property, either in person or by tenants, and that she has paid to defendant the sum of thirty-five dollars per month. Plaintiff and her attorney testified that these payments were made on an arrangement, evidenced by a writing which was lost, by which she was to redeem the property from the sales by a series of monthly payments, whereas defendant's evidence was that the payments were made as rent merely. If on a new trial it should be found— as it must, unless the evidence is different from that now before us—that the sales were invalid for want of notice, plaintiff will be entitled to have an account taken of the amounts of the debts and the advancements made under the trust deeds, and to have these payments credited thereon as of the dates when they were made. Thereupon a declaration

of the rights of the parties should be made, declaring that the sales are void, that the plaintiff is entitled to reconveyances of the property by the trustee upon payment by her of the respective amounts appearing to be due from her, such payments to be made as provided in any valid new agreement, if the court finds that one was made, or within a reasonable time, to be fixed by the court, after judgment, if the court finds that no such agreement was made, and that if the plaintiff fails to make payments accordingly the defendant may proceed according to law to have the property sold under its trust deeds.

The judgment is reversed.

Desmond, P. J., and Shinn, J., concurred.