[Civ. No. 21238.   Second Dist., Div. Three.   Apr. 24, 1956.]

SARAH ABRAHAMER, Respondent, v. ALONZO PARKS et al., Appellants.

Roscoe C. Carroll for Appellants.

R. Leslie Sparks for Respondent.

VALLÉE, J.—Appeal by defendants from a judgment for plaintiff in a proceeding for unlawful detainer.

Defendants, as trustors, executed a deed of trust as security for the payment of a promissory note. They defaulted and the trustee sold the property to plaintiff. Plaintiff gave defendants, who were in possession, a three-day notice to quit. Defendants refused to quit, hence this proceeding.

The first contention is that the complaint does not state facts sufficient to constitute a cause of action. The argument is that the complaint does not allege ownership and possession at the time of the commencement of the proceeding and that it does not allege a default on the part of the trustors. The complaint alleges that plaintiff "is the owner and entitled to possession of" the property. The allegation is sufficient. Attached to the complaint as an exhibit is a copy of the trustee's deed which recites that default was made in the payments due on the note and obligation secured by the deed of trust, specifying them. The complaint states facts sufficient to constitute a cause of action.

Complaint is made because the court refused to permit defendants to litigate the title to the property and refused to hear evidence as to (1) whether there had been, in fact, a default; (2) whether plaintiff was a bona fide purchaser and encumbrancer for value without notice; and (3) the effect on this action of a *lis pendens* filed in another action. Section 1161a of the Code of Civil Procedure in pertinent part provides:

"In either of the following cases, a person who holds over and continues in possession of real property after a three-day written notice to quit the same shall have been served upon him, or if there is a subtenant in actual occupation of the premises, also upon such subtenant as prescribed in Section 1162 of the Code of Civil Procedure, may be removed therefrom as prescribed in this chapter.

"3. Where the property has been duly sold in accordance with Section 2924 of the Civil Code under a power of sale contained in the deed of trust executed by him or a person

under whom he claims and the title under the sale has been duly perfected.''

■ Where the purchaser at a trustee's sale proceeds under section 1161a as did plaintiff in this proceeding, he must prove his acquisition of title by purchase at the sale. It is only to this limited extent, as provided by the statute, that the title may be litigated in a proceeding brought under that section. (*Cheney* v. *Trauzettel,* 9 Cal.2d 158, 159 [69 P.2d 832].) Plaintiff proved acquisition of title at the trustee's sale. She was not required to prove more with respect to title.

■ The deed of trust under which the property was sold contains the usual provision that the recitals in the trustee's deed of any matters or facts shall be conclusive proof of the truthfulness thereof. The trustee's deed recites a default, the execution and delivery to the trustee of a written declaration of default and demand for sale, compliance with sections 2924 and 2924b of the Civil Code, the giving of notice of sale by publication and by posting in three public places in Los Angeles and in a conspicuous place on each parcel of the property after not less than three months from the date of recording the notice of default, and the sale at public auction to plaintiff, the highest bidder. Defendants were precluded in this proceeding by these recitals. (*Cobb* v. *California Bank,* 6 Cal.2d 389, 390 [57 P.2d 924].) The issues defendants sought to have litigated have no place in this summary proceeding. ''[T]he plaintiff need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title. Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment.'' (*Cheney* v. *Trauzettel,* 9 Cal.2d 158, 160 [69 P.2d 832].)

*Freeze* v. *Salot,* 122 Cal.App.2d 561 [266 P.2d 140], relied on by defendants, is not analogous. That was a suit for a decree setting aside a trustee's deed, setting aside a deed from the purchaser at the trustee's sale to a third party, and setting aside a judgment of the municipal court in a prior action. It appeared from the allegations of the complaint that the issues sought to be litigated had been determined adversely to the plaintiff by the municipal court judgment in the prior action. Accordingly it was held that the

municipal court judgment was res judicata. None of the questions presented by the record in the present case was decided in that case. The issues with respect to the validity of the sale which defendants sought to raise in the trial court are not concluded by the judgment in this proceeding.

Defendants appealed also from the order denying their motion for a new trial. Since that order is nonappealable, the appeal therefrom will be dismissed.

The appeal from the order denying the motion for a new trial is dismissed; the judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 21, 1956.