[Civ. No. 21480.   Second Dist., Div. One.   Dec. 10, 1956.]

THOMAS P. CRUCE, Respondent, v. J. R. STEIN et al., Appellants.

B. W. Kemper for Appellants.

Max Tendler for Respondent.

FOURT, J.—This is an appeal from a judgment in favor of the plaintiff in an action in unlawful detainer brought under the provisions of section 1161a, subdivision 3, of the Code of Civil Procedure.

A fair résumé of the facts of the case is as follows: On or about July 24, 1947, J. R. Stein and Bernice C. Stein, his wife, executed and delivered a deed of trust wherein the Realty Title Company, Ltd., was named trustee and the property described was conveyed to it, as trustee, as security for the payment of the Steins' indebtedness to Harry Bassett, who was the named beneficiary. The trust deed was recorded in the office of the county recorder of Los Angeles County on July 24, 1947.

The trust deed recites that the Steins, as trustors, grant, transfer and assign to the Realty Title Company, Ltd., trustee, in trust, with power of sale of the property described therein "for the purpose of securing payment of an indebtedness of J. R. Stein and Bernice C. Stein, his wife, to Harry Bassett, in the amount of $18,416.02, payable on demand; and more particularly, to impose a specific lien on the hereinbefore described real property as security for the payment of said indebtedness of J. R. Stein and Bernice C. Stein, his wife, to Harry Bassett, on demand, which said indebtedness has heretofore been a general lien on all property of J. R. Stein and Bernice C. Stein, under writing signed by them dated August 12, 1946, in words and figures as follows:

'Los Angeles, California
'August 12, 1946.

" 'As security for the indebtedness due from the undersigned, J. R. Stein, to Harry Bassett in the sum of Eighteen Thousand Four Hundred and Sixteen Dollars and two cents ($18,416.02) and as further security for any further moneys that may be advanced by said Harry Bassett to the undersigned, jointly or severally, we, the undersigned, do hereby sell, assign and transfer to said Harry Bassett all moneys due to us, or to either one of us, as well as any other moneys that may become due to us, or to either one of us in the future.

" 'Said assignment shall be in full force and effect until the entire indebtedness presently due, or hereafter to become due, is paid in full.

" 'This assignment is subject to the lien of the Hollywood

State Bank granted to said bank by said J. R. Stein by written assignment of even date.

>(signed) J. R. Stein
>(signed) Bernice C. Stein.'

"and for the further purpose of securing payment, on demand of any further moneys heretofore or hereafter advanced by said Harry Bassett to said J. R. Stein and/or Bernice C. Stein."

In addition to the $18,416.02 referred to in the deed of trust, Bassett advanced to and for the Steins a sum of not less than $24,307.61, at their request. The defendants made no payments to Bassett and the latter received nothing on account of the indebtedness to him.

On March 27, 1953, at the request of Bassett, the trustee recorded a notice of default and breach of condition and of the election of Bassett to sell the property to satisfy the obligations. On December 31, 1953, Bassett assigned to the plaintiff and respondent all of his beneficial interest in the trust deed, together with the obligations of the defendants to Bassett, secured by the deed of trust.

The court found, upon ample and sufficient evidence, that more than three months after the recordation of the notice of default and election to sell under the deed of trust, and after having given notice of the time and place of sale, as required by the deed of trust and by law, the Realty Title Company, Ltd., as trustee, under the deed of trust, on the 8th day of January, 1954, sold to the plaintiff at public auction, in accordance with section 2924 of the Civil Code, and all applicable statutes, the real property described in the deed of trust, and the said sale was under the express power of sale contained in the deed of trust executed by the defendants.

The trial court further found that on said January 8, 1954, the Realty Title Company, Ltd., as trustee under the deed of trust, acknowledged, executed and delivered to the plaintiff its trustee's deed upon the aforesaid sale, which trustee's deed was dated January 8, 1954, conveying the premises described in the deed of trust to the plaintiff, and the said trustee's deed to the plaintiff was thereafter recorded on January 11, 1954, in Book 43564, at page 407, Official Records, in the office of the County Recorder of Los Angeles County, and that plaintiff's title to the real property in this action has been duly perfected under the trustee's sale. A copy of the said recorded trustee's deed to the plaintiff was at-

tached to the complaint, and the original was received in evidence.

The deed of trust under which the property was sold by the trustee to the plaintiff provided, among other things, that the recitals in the trustee's deed of any matters of fact should be conclusive proof of the truthfulness thereof. The trustee's deed recites a default in that no payment of any kind was made; execution and delivery to the trustee of a written declaration of default and demand for sale; recordation in the office of the Los Angeles county recorder of notice of default and election to sell after three months shall have elapsed following the recordation thereof; assignment by Harry Bassett to Thomas P. Cruce of the beneficial interest under the trust deed; notice of trustee's sale in compliance with the' terms of the trust deed; posting of notices for not less than 21 days before the date of sale in three public places in Los Angeles and in a conspicuous place on the property to be sold after not less than three months after recordation of notice of default and election to sell; publication in a newspaper of general circulation, printed and published in the city or judicial township in which the real property is situated once a week for 20 days, and sale at public auction to Thomas P. Cruce, the highest bidder.

The trial court also found, upon good and sufficient evidence, that after title was duly perfected in the plaintiff as aforesaid, the plaintiff caused to be served on the defendants the three-day notice to quit, which required the defendants to quit and deliver up possession of the premises to the plaintiff three days after the receipt of such notice; that the defendants refused to quit and surrender and remained and continued to remain in possession of the premises without the consent of and in violation of the rights of the plaintiff.

In November, 1951, prior to the time the instant action was filed, suit was instituted by one Lou Miller against the Steins, Bassett, Russell Brown Simpson and David Welts, his attorney, Realty Title Company, Ltd., and numerous other defendants, including fictitious defendants. Thomas P. Cruce, the plaintiff herein, is one of the fictitious defendants in the Miller case, which was pending in the superior court in Los Angeles County when the present action in unlawful detainer was commenced and tried. Counsel for defendants set forth in their brief that the Miller case ''is one to quiet title in the subject property, in which Lou Miller seeks a judicial declaration of rights and a determination of the legal and equitable

proprietary and possessory rights in the subject property of the respective parties to the action.'' It is defendants' contention that the pendency of the prior quiet title action is a ground of abatement to the prosecution of the unlawful detainer action.

■ In the summary proceeding of unlawful detainer the right to possession alone is involved and when the purchaser at a trustee's sale proceeds under section 1161a of the Code of Civil Procedure the title may be litigated to the limited extent, as provided by the statute, that the purchaser must prove his acquisition of title by purchase at the sale. (*Cheney* v. *Trauzettel,* 9 Cal.2d 158, 159 [69 P.2d 832]; *Abrahamer* v. *Parks,* 141 Cal.App.2d 82 [296 P.2d 341].)

*Cheney* v. *Trauzettel, supra,* was a proceeding in unlawful detainer brought under section 1161a of the Code of Civil Procedure by the purchaser at a sale under a deed of trust. The defendants answered and cross-complained, setting up a claim of title and several other defenses, including the pendency of a quiet title suit between the parties involving the same property. The trial court, on motion of the plaintiffs, struck out the cross-complaint and special defenses and gave judgment for the plaintiff. Defendants appealed and in affirming the judgment the court stated, at pages 159-160: ''The trial court properly held that in the summary proceeding in unlawful detainer the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affirmative defense. (Citing cases.) It is true that where the purchaser at a trustee's sale proceeds under section 1161a of the Code of Civil Procedure he must prove his acquisition of title by purchase at the sale; but it is only to this limited extent, as provided by the statute, that the title may be litigated in such a proceeding. (Citing cases.)

. . . . . . . . . . . . .

''. . . In our opinion the plaintiff need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on that phase of the issue of title. Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment.''

In *Abrahamer* v. *Parks, supra,* 141 Cal.App.2d 82, the court said, at page 84: ''The deed of trust under which the

property was sold contains the usual provision that the recitals in the trustee's deed of any matters of facts shall be conclusive proof of the truthfulness thereof. The trustee's deed recites a default, the execution and delivery to the trustee of a written declaration of default and demand for sale, compliance with sections 2924 and 2924b of the Civil Code, the giving of notice of sale by publication and by posting in three public places in Los Angeles and in a conspicuous place on each parcel of the property after not less than three months from the date of recording the notice of default, and the sale at public auction to plaintiff, the highest bidder. Defendants were precluded in this proceeding by these recitals. (*Cobb* v. *California Bank,* 6 Cal.2d 389, 390 [57 P.2d 924].) The issues defendants sought to have litigated have no place in this summary proceeding.''

Defendants further contend that there is no evidence to sustain the finding of the trial court that the reasonable rental value of the property was $350 a month. The plaintiff testified, without objection, that the reasonable rental value of the property was $350 a month. ▋ The owner of property, whether generally familiar with such values or not, is competent to estimate its worth, the lack of knowledge going to the weight rather than the admissibility of the testimony. (*Stroman* v. *Lynch,* 91 Cal.App.2d 406, 408 [205 P.2d 409] ; *Hood* v. *Bekins Van & Storage Co.,* 178 Cal. 150, 152 [172 P. 594] ; *Sanders* v. *Park Beverly Corp.,* 109 Cal. App.2d 698, 702 [241 P.2d 597] ; *Shook* v. *Beals,* 96 Cal.App. 2d 963, 974 [217 P.2d 56, 18 A.L.R.2d 919].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 2, 1957.