[No. B041160. Second Dist., Div. Five. May 22, 1991.]

HOMESTEAD SAVINGS, Plaintiff and Appellant, v.
FRANK DARMIENTO, Defendant and Respondent.

**COUNSEL**

Rand E. Pinsky, Michael A. Warren and Kerry B. Conway for Plaintiff and Appellant.

Adams, Duque & Hazeltine, Richard T. Davis, Jr., Rande S. Sotomayor and John P. Byrne for Defendant and Respondent.

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

Plaintiff, Homestead Savings, appeals from a summary judgment entered against it and in favor of defendant, Frank Darmiento (Darmiento). Plaintiff contends that the application of Civil Code section 2924[1] violated its due process rights under federal and state law[2] because the section provides that a bona fide purchaser for value at a trustee's sale conducted as part of a

---

[1]Unless indicated otherwise, all further statutory references are to the Civil Code.

[2]Civil Code section 2924 provided in relevant part: "A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice." A 1990 amendment to the statute made nonsubstantive changes to relevant portions of this statute.

nonjudicial foreclosure under a trust deed is entitled to a conclusive presumption as to a trustee's compliance with statutory notice requirements. We conclude that plaintiff's due process rights have not been violated and affirm the judgment.

## II. Procedural History

Plaintiff filed the original complaint on March 17, 1987, against defendants A.T.& M. Security Company (ATM), Robert B. White, Andrew Williams and Darmiento.[3] The complaint sought to set aside the nonjudicial foreclosure sale, a judicial foreclosure of the property, declaratory relief and damages. Darmiento moved for summary judgment on the grounds that, as a bona fide purchaser for value, he was entitled to the conclusive presumption in section 2924. In its separate statement, plaintiff conceded that Darmiento was a bona fide purchaser for value.[4] However, Homestead argued that its lack of actual notice of the foreclosure violated due process principles. The trial court refused to find section 2924 unconstitutional and concluded that plaintiff's concession that Darmiento was a bona fide purchaser for value entitled him to judgment as a matter of law. The court entered judgment against plaintiff who filed a timely notice of appeal.

## III. Facts

On April 4, 1983, a deed of trust (senior deed), with Athen Hills as trustor, Lincoln Title as trustee and Virginia Freeny as beneficiary was recorded on the subject real property to secure a $5,600 loan. On November 16, 1984, by recorded documents, Freeny assigned her interest to Nel Williams (Williams) and ATM was substituted as trustee. On the same date, ATM recorded a notice of default on the senior deed. Williams, the assignee of Freeny, subsequently assigned her beneficial interest to Tony Maurice Dixon who recorded the assignment on February 26, 1985. On October, 7, 1985, ATM recorded a "Notice of Trustee's Sale" to take place on November 6, 1985. For unexplained reasons, the sale was actually conducted on December 10, 1985. Darmiento, who purchased the property for $23,100 and without any notice of irregularity in the notices, received a trustee's deed. The trustee's deed contains the following recital: "All requirements of law regarding mailing of copies of Notices which Requests therefor had been recorded and otherwise, and all requirements of law regarding publication, posting and

---

[3]Darmiento is the only defendant in this appeal. Defaults were entered against ATM and Williams, an alleged principal of ATM. There is nothing in the record to indicate the status of the action against White.

[4]Although plaintiff admitted in its separate statement that Darmiento was a bona fide purchaser, it contended at oral argument that plaintiff was not a bona fide purchaser. However, plaintiff submitted no evidence in support of this contention.

recording of copies of a Notice of Trustee's Sale, have been fully complied with."

On May 17, 1984, Homestead received an assignment of an interest under a deed of trust (junior deed) that had been recorded on the subject property on April 24, 1984, to secure an $86,000 debt. Homestead's assignment was recorded on May 29, 1984. As noted previously, ATM's notice of default was recorded on February 26, 1985, and the trustee sale occurred on December 10, 1985. Although Homestead's address was on the recorded document and remained the same throughout the foreclosure proceedings, no notices of default could be found in Homestead's file on the subject loan. Homestead contends that the first notice it received of the foreclosure sale was in October 1986 when it began foreclosure on its deed of trust.

## IV. Discussion

### A. Standard of Review

 A motion for summary judgment will be granted if the moving papers establish that there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The standard for appellate review of a summary judgment motion was set forth by our Supreme Court as follows: "Summary judgment is a drastic measure that deprives the losing party of a trial on the merits. [Citation.] It should therefore be used with caution, so that it does not become a substitute for trial. [Citation.] The affidavits of the moving party should be strictly construed, and those of the opponent liberally construed. [Citation.] Any doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. [Citation.] [¶] A defendant is entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff's asserted causes of action can prevail. [Citation.] To succeed, the defendant must conclusively negate a necessary element of the plaintiff's case, and demonstrate that under no hypothesis is there a material issue of fact that requires the process of a trial." (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) ██ ██ ██ An appellate court determines de novo whether there is a genuine issue of material fact and whether the moving party was entitled to summary judgment as a matter of law. (*Wilson* v. *Blue Cross of So. California* (1990) 222 Cal.App.3d 660, 670 [271 Cal.Rptr. 876].)[5]

---

[5]The record makes no mention of the disposition of the case against defendant White. An exception to the one final judgment rule applies to cases which involve multiple parties and a judgment is entered which leaves no issue to be determined between a plaintiff and a defendant. (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122].) *Justus* states: "[I]t better serves the interests of justice to afford prompt appellate review to a party whose rights or liabilities have been definitively adjudicated than to require him [or her]

## B. *There Must be State Action to Invoke Due Process Protections*

Plaintiff's primary contention is that section 2924 is unconstitutional because the conclusive presumption of the trustee's compliance with notice requirements in favor of a bona fide purchaser for value deprives it of due process of law. We disagree.

Homestead argues that due process under federal and state law requires a judicial determination as to whether the trustee actually complied with the notice requirements under sections 2924 and 2924b. (*DeShaney* v. *Winnebago Cty. Soc. Servs. Dept.* (1988) 489 U.S. 189, 195 [103 L.Ed.2d 249, 258-259, 109 S.Ct. 998]; *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 488-489 [33 L.Ed.2d 484, 498-499, 92 S.Ct. 2593].) The Fourteenth Amendment provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law." The California Constitution contains due process guarantees in article I, sections 7 and 15. In discussing the federal Constitution, the United States Supreme Court stated: "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property, without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text. . . . [T]he Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression,' [citations]. . . . Its purpose was to protect the people from the State, not to ensure that the State protected [the people] from each other. The Framers were content to leave the extent of governmental obligation in the latter area to the democratic political processes." (*DeShaney* v. *Winnebago Cty. Soc. Servs. Dept., supra,* 489 U.S. at pp. 195-196 [103 L.Ed.2d at pp. 258-259].)

The threshold question in this case as in any due process case, federal or state, (*Garfinkle* v. *Superior Court* (1978) 21 Cal.3d 268, 281-282 [146 Cal.Rptr. 208, 578 P.2d 925]) is whether the challenged conduct involves state action. In order to bring the conduct under the protection of the due process clause, it must be determined that "there is a sufficiently

to await the final outcome of trial proceedings which are of no further concern to him." (*Ibid.*) The issues related to Darmiento were finally resolved when the trial court granted summary judgment. The one judgment rule does not preclude us from reaching the merits of this case.

close nexus between the State and the challenged action . . . so that the action . . . may be fairly treated as that of the State itself." (*Jackson* v. *Metropolitan Edison Co.* (1974) 419 U.S. 345, 351 [42 L.Ed.2d 477, 484, 95 S.Ct. 449].) ■ The challenged conduct in this case involves a conclusive presumption[6] that precludes any party from challenging whether proper notice was given where a bona fide purchaser for value obtains a trustee's deed with recitals to the effect that proper notice was given. (*Little* v. *CFS Service Corp.* (1987) 188 Cal.App.3d 1354, 1361 [233 Cal.Rptr. 923]; *Wolfe* v. *Lipsy, supra,* 163 Cal.App.3d at pp. 639-640.) While plaintiff claims that the conclusive presumption is valid against a trustor, it contends that the statute is unconstitutional as applied to junior lienholders. Plaintiff contends that the statute is unconstitutional because (1) the state through the presumption encourages senior lienholders to act to a junior lienholders' detriment and (2) it creates a new right by permitting private conduct which was prohibited under the common law (i.e., binding junior lienholders).

1. *The conclusive presumption does not encourage private conduct such that there is state action*

■ Plaintiff claims that there is state action because the conclusive presumption encourages the use of private foreclosures. At the outset it should be noted that, unlike the cases relied upon by Homestead such as *Mennonite Board of Missions* v. *Adams* (1983) 462 U.S. 791 [77 L.Ed.2d 180, 103 S.Ct. 2706], in this case there has been no seizure of property without notice by government intervention. The only cases which have upheld attacks against statutes regulating private exercises of rights have involved the state acting in some capacity. (See e.g., *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337, 338-339 [23 L.Ed.2d 349, 351-353, 89 S.Ct. 1820]; *Fuentes* v. *Shevin* (1972) 407 U.S. 67, 75-77 [32 L.Ed.2d 556, 567-568, 92 S.Ct. 1983].) California does not participate in any way in the sale of the foreclosed property which is done strictly on the basis of the power of sale in the deed of trust. The United States and California Supreme Courts have long upheld the constitutionality of the power of sale in deeds of trust. (*Scott* v. *Paisley* (1926) 271 U.S. 632, 635 [70 L.Ed. 1123, 1125, 46 S.Ct. 591]; *Kochs* v. *Briggs* (1859) 14 Cal. 256, 263.)

Furthermore, it has been held that section 2924 " 'is *not* an *enabling* or *authorizing statute at all* but, rather, a statute restricting and limiting the

---

[6]A conclusive presumption acts as follows: " 'A conclusive presumption is one that *requires* the trier of fact to find that the presumed fact exists from a finding of the existence of the basic fact. The presumption is conclusive because the adverse party against whom it operates is *not permitted* to introduce evidence to contradict or rebut the existence of the presumed fact.' [Citation.]" (*Wolfe* v. *Lipsy* (1985) 163 Cal.App.3d 633, 639-640 [209 Cal.Rptr. 801], italics in original.)

exercise of private powers of sale for the benefit of debtors . . . .' " (*U.S. Hertz, Inc.* v. *Niobrara Farms* (1974) 41 Cal.App.3d 68, 87 [116 Cal.Rptr. 44], italics in original; *Smith* v. *Allen* (1968) 68 Cal.2d 93, 96 [65 Cal.Rptr. 153, 436 P.2d 65].) Section 2924 et seq. is part of a comprehensive scheme designed to protect debtors from abusive practices that had been associated with powers of sale in deeds of trust. (*Garfinkle* v. *Superior Court, supra*, 21 Cal.3d at p. 278.) The Legislature began the "comprehensive scheme" in 1917 and has continued to establish "certain minimum standards for conducting nonjudicial foreclosures, by placing various restrictions on the creditors' exercise of the power of sale in order to protect the trustor/debtor against forfeiture." (*Ibid.*) The protections include: the right to cure defaults (§ 2924c), antideficiency legislation (Code Civ. Proc., §§ 580a, 580b) and procedural guidelines for conducting the sale pursuant to the power in the deed. (§ 2924.) The provisions require the trustee to record a notice of default specifying the nature of the default and election to exercise the power of sale. (§ 2924.) The trustee is required within certain time limits to give notice of default to any party who has requested a notice of default. (§ 2924b.) The trustee must then allow three months after the notice of default has been recorded to lapse to give the trustor or junior lienholder an opportunity to cure the default before the property may be sold. (§ 2924c.) A notice of trustee's sale must be posted on the property for at least 20 days before the date of the sale in a conspicuous public place. (§ 2924f.) The notice must be published, recorded and mailed to everyone who is entitled to receive notice of default. (§ 2924f.) The property must be sold at public auction to the highest bidder. (§ 2924h.)

The fact that California has chosen to regulate the manner in which the trustee may proceed to protect the debtor from forfeiture does not convert the creditor's decision to exercise a contractual right into state action. A state's mere regulation of the exercise of a private power allowed by the state law and which is exercised solely on the basis of the power and without compulsion from the state, does not convert the actor's conduct into state action. (*Jackson* v. *Metropolitan Edison Co., supra*, 419 U.S. at p. 357 [42 L.Ed.2d at pp. 487-488].) As the California Supreme Court concluded: "The nonjudicial foreclosure statutes do not authorize or compel inclusion of a power of sale in a deed of trust or provide for such a power of sale when one has not been included by the parties. Nor do these statutes compel exercise of the power of sale. The decision whether to exercise the power of sale is a determination to be made by the creditor. The statutes merely restrict and regulate the exercise of the power of sale once a choice has been made by the creditor to foreclose the deed of trust in that manner." (*Garfinkle* v. *Superior Court, supra*, 21 Cal.3d at pp. 278-279.)

The conclusive presumption language was added to section 2924 in 1959 by Assembly Bill No. 2343 which was introduced by former Assemblyman

Howard Thelin on April 3, 1959, and sponsored by the California Land Title Association.[7] In a letter to Governor Edmund G. Brown dated July 1, 1959, the California Land Title Association stated the purpose of the conclusive presumption in section 2924 was to promote certainty in favor of the validity of the private foreclosure sale because it encouraged the public at large to bid on the distressed property which in turn benefited the trustor.[8] The statute was clearly designed to provide incentives to the public at large to attend the sales in order to obtain a better price at the sale.

The effect of the conclusive presumption statute is to deny a party judicial process to challenge whether the trustee, a private party, has in fact complied with the notice requirements against a bona fide purchaser for value. The Legislature's decision to deny plaintiff an opportunity to challenge the trustee's practices in this limited context does not amount to state action. To paraphrase the United States Supreme Court: "It is quite immaterial that the State has embodied its decision not to act in statutory form. If [California] had no [nonjudicial foreclosure] statutes at all, its courts would still be faced with the decision whether to prohibit or to permit the sort of sale [made] here the first time an aggrieved [party] came before them for relief. A judicial decision to deny relief would be no less an 'authorization' or 'encouragement' of that sale than the [L]egislature's decision embodied in this statute. . . . If the mere denial of judicial relief is considered sufficient encouragement to make the State responsible for those private acts, all private deprivations of property would be converted into public acts whenever the State, for whatever reason, denies relief sought by the putative property owner." (*Flagg Bros., Inc.* v. *Brooks* (1978) 436 U.S. 149, 165 [56 L.Ed.2d 185, 199, 98 S.Ct. 1729].)[9]

Homestead also argues that footnote 16 of *Garfinkle* establishes that the conclusive language is invalid because the court expressed doubts as to its constitutionality. To the contrary, the court specifically stated that it would "express no opinion . . . as to the validity and effect" of the language. However, the Supreme Court stated that it did not "think that this provision encourages and facilitates use of nonjudicial foreclosures to a

---

[7] Prior to that amendment, the same language was in section 2924b and had been since 1933.

[8] In reviewing the history of this statute, we have relied on materials compiled by the Legislative Intent Service. (*Commodore Homes Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 218-219 [185 Cal.Rptr. 270, 649 P.2d 912]; *Perez* v. *222 Sutter St. Partners* (1990) 222 Cal.App.3d 938, 945, fn. 6 [272 Cal.Rptr. 119].)

[9] Similarly, the state has not encouraged "nonjudicial foreclosures by acknowledging the legal validity of the title transferred thereby." (*Garfinkle* v. *Superior Court, supra,* 21 Cal.3d at p. 279.) For example, permitting a purchaser to enforce its rights obtained under the trustee's deed in state courts does not convert the nonjudicial foreclosure process to state action. (21 Cal.3d 279, fn. 16.)

degree sufficient to convert this otherwise private remedy into state action." (21 Cal.3d 279, fn. 16.) We conclude that there is no significant state involvement in section 2924 such that due process guarantees are required.

■ Even if the presumption involved state action, since it is regulating a purely economic matter, it would only be unconstitutional if it is irrational, arbitrary, or unreasonable. (*Usery* v. *Turner Elkhorn Mining Co.* (1976) 428 U.S. 1, 22-24 [49 L.Ed.2d 752, 770-772, 96 S.Ct. 2882].) ■ A presumption is valid when there is a "rational connection between the fact proved and the ultimate fact presumed . . . ." (*Mobile, J & K.C.R. Co.* v. *Turnipseed* (1910) 219 U.S. 35, 43 [55 L.Ed. 78, 80-81, 31 S.Ct. 136].) The California Supreme Court described the rationale behind the statutory scheme in section 2924 as follows: "The nonjudicial foreclosure statutes—an alternative to judicial foreclosure—reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees. Beneficiaries, of course, want a quick and inexpensive recovery of amounts due under promissory notes in default. Trustors, on the other hand, need protection against the forfeiture of valuable property rights. Trustees, the [persons in the middle], need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to avoid embroiling the parties in time-consuming and costly litigation. In taking all of these concerns into account, the statutes strike an overall balance favoring the protection of the trustors." (*I. E. Associates* v. *Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 288 [216 Cal.Rptr. 438, 702 P.2d 596].) ■ The presumption clearly bears a rational relationship to its primary goal of protecting the trustor. Accordingly, Homestead was not deprived of due process of law because there was no state action and even if there were state action the statute is rationally related to its primary goal which is protection of the trustor.

2. *Section 2924 does not create a new right in favor of the bona fide purchaser*

■ Homestead claims that the statute creates a new right in favor of the bona fide purchaser which did not exist under the common law. A number of cases have held that a trustor is bound by the terms of a deed of trust which provides that recitals in the trustee's deed are deemed conclusive evidence of the trustee's compliance with the notice requirements as against a bona fide purchaser for value. (*Mersfelder* v. *Spring* (1903) 139 Cal. 593, 593-595 [73 P. 452]; *Central Nat. Bank* v. *Bell* (1936) 5 Cal.2d 324, 327-328 [54 P.2d 1107]; *Sorensen* v. *Hall* (1934) 219 Cal. 680, 682-683 [28 P.2d 667]; *Lancaster Security Inv. Corp.* v. *Kessler* (1958) 159 Cal.App.2d 649 [324 P.2d 634].) Homestead claims that it is not bound now nor would it have been bound under the common law by the conclusive presumption in the trustee's deed because, as a junior lienholder, it was not bound by the contractual

provisions in the foreclosing deed. Homestead has not cited any authority that the junior lienholder is entitled to greater protections under the power of sale than a trustor is entitled to receive. It is well established in California that a successor in interest to the trustor or a junior lienholder takes an interest in the property subject to the prior deed, which in this case involves a power of sale. (*Rodgers* v. *Peckham* (1898) 120 Cal. 238, 243 [52 P. 483]; *Bostwick* v. *McEvoy* (1881) 62 Cal. 496, 500-501.) Accordingly, no new right has been created by the presumption.

### C. *The lack of actual notice is not a jurisdictional defect which voids the sale*

■ Citing cases which discuss a government entity's use of a conclusive presumption to cure its unauthorized or unconstitutional conduct, plaintiff claims that section 2924 attempts to cure a jurisdictional defect. Homestead argues that the statute cannot validate the sale to a bona fide purchaser because under California law the lack of notice renders the sale void. This argument is contrary to controlling authority which holds that a party has no right to set aside a trustee's deed as void against a bona fide purchaser for value. (*Weingand* v. *Atlantic Sav. & Loan Assn.* (1970) 1 Cal.3d 806, 819 [83 Cal.Rptr. 650, 464 P.2d 106].) ■ In *Little* v. *CFS Service Corp., supra,* 188 Cal.App.3d at pages 1358-1360, the Court of Appeal discussed cases which have considered the effect of a sale under a deed of trust which has notice defects. The court noted that the determining factor as to whether the sale is void or merely voidable is the existence and effect of a conclusive presumption on the sale's regularity. (*Ibid.*) The sale is void where there is a notice defect and no conclusive presumption. (*Id.* at p. 1359.) A sale is void where there is a notice defect and conclusive presumption language and recitals in the deed which establish on its face the irregularity of the sale. This could occur where there were postponements of a sale which show that proper notice could not have been given. (*Ibid.*) A sale is voidable where there is a notice defect and conclusive presumption language and there is no bona fide purchaser for value. (*Ibid.*) Where the evidence establishes that the trustee conveyed title to a bona fide purchaser and the trustee's deed contains the language specified in section 2924, the sale is not voidable. (*Napue* v. *Gor-Mey West, Inc.* (1985) 175 Cal.App.3d 608, 620-621 [220 Cal.Rptr. 799].) Any failure to comply with the procedural requirements does not affect the validity of a sale to a bonafide purchaser for value. (*Id.* at p. 615.) In this case, the evidence submitted in support of the motion for summary judgment established that defendant Darmiento was a bona fide purchaser for value. Plaintiff offered no evidence to dispute defendant's evidence and in fact conceded in its separate statement that defendant was a bona fide purchaser. Therefore, defendant was entitled to the benefit of the conclusive presumption as a matter of law.

### D. *Homestead's interest in the property was extinguished by the trustee's deed*

■ Finally, Homestead claims that Darmiento, who Homestead has conceded was a bona fide purchaser for value, must take the property subject to Homestead's interest in the property. The simple answer to this contention is that Homestead has erroneously relied upon cases discussing judicial foreclosures rather than authorities which relate to private foreclosures. The law is clear that the trustee's deed conveys to the purchaser the trustor's interest as of the date that the deed was recorded. (*Dover Mobile Estates* v. *Fiber Form Products, Inc.* (1990) 220 Cal.App.3d 1494, 1498 [270 Cal.Rptr. 183]; *Sain* v. *Silvestre* (1978) 78 Cal.App.3d 461, 471 [144 Cal.Rptr. 478]; *Hohn* v. *Riverside County Flood Control etc. Dist.* (1964) 228 Cal.App.2d 605, 612-613 [39 Cal.Rptr. 647].) The purchaser's title is free and clear of "all rights of the trustor or anyone claiming under or through the trustor" including liens that have attached to the property after execution of the foreclosed deed of trust. (*Hohn* v. *Riverside County Flood Control etc. Dist., supra,* 228 Cal.App.2d at p. 613; *Bracey* v. *Gray* (1942) 49 Cal.App.2d 274, 277-278 [121 P.2d 770].) Therefore, Homestead's lien was extinguished by the trustee's deed and Darmiento's title is free and clear of the junior interest.

### DISPOSITION

The judgment is affirmed. Defendant Darmiento is to recover his costs on appeal from plaintiff.

Ashby, J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 5, 1991. Mosk, J., was of the opinion that the petition should be granted.