[Civ. No. 17336.   First Dist., Div. Two.   July 15, 1957.]

EUGENE A. TALIAFERRO, Appellant, v. MARIE JANE
CROLA et al., Respondents.

Eugene A. Taliaferro, in pro. per., for Appellant.

Francis W. Collins and Matthew S. Walker for Respondents.

DRAPER, J.—This is an action to quiet title. Plaintiff claims under deed and assignment from William S. Newman and wife, given in 1955. In 1950, the Newmans had executed a deed of trust naming the predecessor of defendant bank as beneficiary. Notice of default was filed and the property was sold under the power of sale contained in this deed of trust. Defendant Crola was the purchaser at this sale, which occurred after the deed and assignment to plaintiff. Defendant Hemleb is not a party named in any of the documents of title. Neither he nor the bank asserts any present title to the real property here in issue. After trial, judgment was ordered in favor of defendant Crola, title was quieted in her, and dismissal was ordered as to the bank and Hemleb. Plaintiff appeals.

Appellant's principal contention is that the trial court erred in refusing to admit evidence offered by appellant concerning irregularities in the trustee's sale. The case was tried and is argued here upon the theory that the deed of trust provided that recitals of a trustee's deed thereunder should be conclusive evidence of the facts recited. The rule is clear that, in such case, the recitals of the trustee's deed are conclusive, in the absence of fraud of which the purchaser at the trustee's sale had knowledge or notice. (*Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613 [130 P. 15]; see also *Pacific States S. & L. Co.* v. *O'Neill,* 7 Cal.2d 596

[61 P.2d 1160]; *Central Nat. Bank* v. *Bell,* 5 Cal.2d 324 [54 P.2d 1107].) ■ Such fraud need not be pleaded (*Jose Realty* v. *Pavlicevich, supra*) but the attack upon the trustee's sale must be based upon fraud, and not mere irregularity. (*Central Nat. Bank* v. *Bell, supra.*) ■ At the close of respondents' case, appellant's counsel stated "we believe at this time we would like to go into the question of the sufficiency of the trustee's sale." Respondents' counsel said "we would object." A discussion ensued, at the conclusion of which appellant's counsel said "We would simply restate our offer of proof and let Your Honor rule on that." The court said "Offer of proof is denied." We have reviewed the transcript in detail, and conclude that the utmost which appellant can be considered to have offered to prove is to be found in these statements: ". . . we believe at this time we would like to go into the question of the trustee's sale. . . . We feel that we can show by evidence that the sale was improper and imperfect." ". . . it was our intention to attack the trustee's deed and sale on which it was based. . . . we should be entitled to proceed with our evidence attacking that trustee's sale." Even if any or all of these statements be deemed an offer of proof, they fall far short of any suggestion of fraud or sharp dealing. Most significantly, they are wholly lacking in any inference that any of the unspecified shortcomings of the sale or the trustee's deed were in any way known to respondent Crola, the purchaser at the trustee's sale, or even to the beneficiary or the trustee of the deed of trust. ■ One cannot urge, on appeal, grounds of admissibility which were not presented to the trial court, (*Hession* v. *City & County of San Francisco,* 122 Cal.App.2d 592, 605 [265 P.2d 542]). At most, appellant offered evidence of mere irregularity in the sale. Thus he cannot, on this appeal, argue that he was denied the right to show fraud.

Appellant next contends that specified findings are contrary to the evidence. Nowhere does he give transcript references or specify his objections. Hence we are not required to search the record. However, we have reviewed the record in detail, and are satisfied that the questioned findings either are immaterial or are fully supported.

Appellant also argues that the trial court erred in permitting a witness to testify, as an expert, that title was in respondent Crola. We need not consider the admissibility of expert testimony as to title to real property. The evidence apparently was offered principally to establish the chain of

title to the Newmans. This was immaterial. ■ Since appellant and respondents claimed through the Newmans as common grantors, there was no need for proof of title beyond such common source. (*Central Nat. Bank* v. *Bell, supra,* 5 Cal.2d 324, 328.) As to title from the common source, the record clearly supports the findings in favor of respondents and the questioned testimony is but surplusage which is not prejudicial to appellant. (Const., art. VI, § 4½.)

■ Appellant asserts error in denial of his motion for summary judgment. But the affidavit in opposition to that motion was adequate to establish an issue of fact. It follows that denial of the motion was proper.

■ Finally, appellant contends that the court erred in quieting title in respondent Crola, despite the absence of any cross-complaint or prayer for affirmative relief. (*Hungarian Hill Gravel Min. Co.* v. *Moses,* 58 Cal. 168.) The rule is clear that a defendant may show title in himself under an answer merely denying plaintiff's title. (*Burris* v. *Kennedy,* 108 Cal. 331, 334 [41 P. 458].) And, in a decision citing the Hungarian Hill case, the Supreme Court has held that such a decree quieting title "while erroneous, does not prejudice the appellant in any of her substantial rights and may be disregarded as surplusage." (*Warden* v. *Stoll,* 210 Cal. 374, 377 [291 P. 835]; see also *Wagner* v. *Worrell,* 76 Cal.App.2d 172, 182-183 [172 P.2d 751].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied August 14, 1957, and appellant's petition for a hearing by the Supreme Court was denied September 11, 1957.