[Civ. No. 29896. Fourth Dist., Div. Two. Mar. 6, 1985.]

STEVEN M. WHITMAN, Plaintiff and Appellant, v.
TRANSTATE TITLE COMPANY et al., Defendants and Respondents.

**COUNSEL**

Maroney, Demchuk, Brandt & Krueger and Barry Brandt for Plaintiff and Appellant.

Rich & Ezer and Shelly Jay Shafron for Defendants and Respondents.

**OPINION**

**KAUFMAN, J.**—Plaintiff Steven M. Whitman was the purchaser at a trustee's sale foreclosing a first deed of trust on real property. Defendant Transtate Title Company, the trustee, refused to issue plaintiff a trustee's deed, asserting the sale was either incomplete or void. Plaintiff instituted this action for quiet title, specific performance, breach of contract and injunctive and declaratory relief. A summary judgment was granted in favor of the defendants, and plaintiff's own motion for summary judgment was denied. Plaintiff appeals, contending his motion for summary judgment should have been granted or, in the alternative, that there are at least triable issues of fact which require reversal of the summary judgment granted in favor of defendants. We affirm.

*Facts*

Defendant Transtate was the trustee under a first deed of trust on the subject property, which named Bernadine C. Wells as the trustor and Charles R. Brown and Susan M. Brown as the beneficiaries. The promissory note secured was originally in the amount of $18,000. Transtate was also the trustee of a second deed of trust recorded against the subject property

securing a promissory note in the original amount of $31,000. The second trust deed named Wells as the trustor and Hugo and Isabelle Berman as the beneficiaries.

A third deed of trust on the property secured a loan of $12,000 by defendant Alvin Lee (Lee) to Wells.

Wells defaulted on all three trust deed notes. A trustee's sale was conducted under the third deed of trust on September 13, 1982. Defendant Lee purchased the property at the trustee's sale by virtue of a creditor's bid and received a trustee's deed on September 14, 1982.

Notices of default had been recorded with respect to the second deed of trust on December 28, 1981, and with respect to the first deed of trust on January 6, 1982. Thereafter Wells filed for bankruptcy. Eventually, the bankruptcy stay was lifted permitting the foreclosures on the the first and second trust deeds to proceed. A trustee's sale was duly noticed with respect to the first and second trust deeds for November 4, 1982. Transtate voluntarily postponed the sale to December 2, 1982.

Defendant California Posting was an independent contractor employed by Transtate to conduct the trustee's sales under the first and second deeds of trust. On December 2, 1982, California Posting advised Transtate that it had received a written request from defendant Lee to postpone the sale for one day pursuant to Civil Code section 2924g, subdivision (c)(1). Although Lee had purchased the property at the trustee's sale foreclosing the third deed of trust on September 13, the manager of Transtate was not aware Lee was then the owner of the property; he believed Lee was still the holder of the note secured by the third deed of trust. In addition, Transtate's manager mistakenly believed the earlier voluntary postponement of the sale by Transtate had been made pursuant to a request for postponement by Lee.

Whether true or not, Transtate's manager stated by declaration that, had he known Lee was in fact the owner of the property on the date set for the trustee's sale and that Lee had not made any prior request for a one-day postponement pursuant to section 2924g, he would have instructed California Posting to honor Lee's request for the one-day postponement. In any event, however, Transtate in fact refused to honor Lee's request for a postponement and instructed California Posting to proceed with the trustee's sale.

The trustee's sale under the second trust deed then took place. The Bermans, beneficiaries under the second trust deed, made a credit bid at the sale; there were no other bidders at the sale; and the sale on the second

trust deed was concluded. Immediately thereafter, the trustee's sale with respect to the first trust deed commenced. The opening bid was a credit bid by the holders of the first trust deed note in the amount of the indebtedness secured by the first trust deed, $12,957.02. Plaintiff then bid $12,960. There were no other bidders. Plaintiff delivered a cashier's check in the amount of $15,000 to California Posting employees and the check was endorsed over to defendant Transtate. According to the showing made in the trial court the property was worth at least $65,000.

Sometime after the trustee's sale on the first trust deed, Transtate discovered that defendant Lee had been the successful bidder at the trustee's sale under the third deed of trust and that Lee was in fact the owner of the property when he requested the one-day postponement. In addition, Transtate then realized that the earlier postponement of the trustee's sale had been a voluntary action on its part and was not made at the request of Lee or anyone else. Thereupon, Transtate refused to prepare or issue to plaintiff a trustee's deed, returned plaintiff's cashier's check, and scheduled a new sale.

Plaintiff then instituted this action for declaratory and injunctive relief, for quiet title, for specific performance and for breach of contract against Transtate, Statewide (a mortgage brokerage firm which arranged the second deed of trust for the Bermans), Triangle Management Services, California Posting, Alvin Lee and his wife, Marian Lee, Charles R. Brown and Susan M. Brown (beneficiaries of the first trust deed note), and Hugo Berman and Isabelle Berman (beneficiaries of the second trust deed note). Transtate cross-complained for declaratory relief against plaintiff and the Lees. The Lees also cross-complained against plaintiff and against all the other defendants for declaratory and injunctive relief, for cancellation of the sale documents, for quiet title, for damages for wrongful sale, for forcible entry, forcible detainer and for ejectment.

Transtate, Statewide, and Triangle filed a motion for summary judgment against plaintiff on the complaint. Defendants California Posting and the Lees joined in that motion. The moving defendants filed declarations by Transtate's manager, defendant Lee, and a property appraiser in support of their motion, setting forth the facts substantially as outlined above.

Plaintiff opposed defendants' motion for summary judgment, and countered with his own motion for summary judgment. Plaintiff filed no declarations either in opposition to defendants' motion for summary judgment nor in support of his own motion for summary judgment.[1] Following a

---

[1]Plaintiff did attach copies of California Posting's "Declaration of Sale to . . . . Third Party Bidder" and the notice of trustee's sale to his opposition to defendants' motion for summary judgment.

hearing on the cross-motions, defendants' motion was granted and plaintiff's motion was denied.

## Contentions, Issues and Discussion

Although the parties advance several contentions relating to whether or not the trustee's sale under the first deed of trust complied with the statute of frauds and whether or not the sale was completed so that the trustee had no discretion to refuse to issue a trustee's deed, we find it unnecessary to address these contentions. In our view the dispositive questions are whether the trustee was required under Civil Code section 2924g to postpone the trustee's sales for one day upon the request of defendant Lee and, if so, the effect upon the validity of the trustee's sales of the trustee's failure to do so.

With respect to these issues, plaintiff urges defendant Lee was not a person entitled under the statute to request a one-day postponement of the sales and, even if he was, the trustee was not mandatorily required by the statute to grant his request because under the statute the granting of such a one-day postponement is discretionary with the trustee. Plaintiff further urges that even if the failure of the trustee to grant the requested one-day postponement was erroneous, it constituted only a minor irregularity insufficient to void the sales. Finally, plaintiff argues that in any event, summary judgment should not have been granted in favor of defendants, or at least defendant Transtate, because there exists a triable issue of fact as to its motive for refusing to issue a trustee's deed to plaintiff.

We conclude that a request for a statutory one-day postponement of the trustee's sale is mandatory, not discretionary with the trustee; that defendant Lee was a person entitled to request such a postponement under the statute; that the trustee's failure to postpone the sales in accordance with Lee's request coupled with the sale of the property to plaintiff for a fraction of its indicated value constituted ample basis for avoiding the sales at the option of defendant Lee and that in view of the fact that Lee by his cross-complaint in this action elected to avoid the sales, the motives of Transtate in refusing to issue a trustee's deed to plaintiff are immaterial. Accordingly, we shall affirm the judgment.

## I. *The Statutory One-day Postponement Is Mandatory.*

The conduct of trustee's sales in nonjudicial foreclosures, including postponements of sale, are governed by Civil Code section 2924g. (All statutory references will be to the Civil Code unless otherwise specified.)

Several pertinent provisions of section 2924g as it read before it was amended in 1984 are set forth in the margin.[2]

The portion of section 2924g principally in contention is subdivision (c)(1) which reads: "(c)(1) There may be a postponement of the sale proceedings at any time prior to the completion of the sale thereof at the discretion of the trustee, upon instruction by the beneficiary to the trustee that the sale proceedings be postponed, or upon the written request of the trustor provided the reason for such request is to permit the trustor to obtain cash sufficient to satisfy the obligation or bid at the sale. The trustor shall be entitled to make one such request for postponement and any postponement made at the request of the trustor shall be for a period not to exceed one business day."

Pointing to the opening language "There *may* be a postponement" (italics added) and the contrasting opening language of subdivision (2), "The trustee *shall* postpone the sale upon the order of any court," etc. (italics added),

---

[2]After having been rewritten in 1979 (Stats. 1979, ch. 1015, § 4, pp. 3474-3476) and amended in 1980 (Stats. 1980, ch. 423, § 14, p. 844, urgency, eff. July 11, 1980), section 2924g read in pertinent part: "(a) All sales of property under the power of sale contained in any deed of trust or mortgage shall be held in the county where such property or some part thereof is situated, and shall be made at auction, to the highest bidder, between the hours of 9 a.m. and 5 p.m. on any business day, Monday through Friday.

"The sale shall commence at the time and location specified in the notice of sale. Any postponement shall be announced at the time and location specified in the notice of sale for commencement of such sale or pursuant to subdivision (c)(1) herein.

" . . . . . . . . . . . .
"(b) When the property consists of several known lots or parcels they shall be sold separately unless the deed of trust or mortgage provides otherwise; . . . . The trustor, if present at the sale, may also, unless the deed of trust or mortgage otherwise provides, direct the order in which property shall be sold, when such property consists of such several known lots or parcels which may be sold to advantage separately, and the trustee shall follow such direction. . . .

" . . . . . . . . . . . .
"(c) (1) There may be a postponement of the sale proceedings at any time prior to the completion of the sale thereof at the discretion of the trustee, upon instruction by the beneficiary to the trustee that the sale proceedings be postponed, or upon the written request of the trustor provided the reason for such request is to permit the trustor to obtain cash sufficient to satisfy the obligation or bid at the sale. The trustor shall be entitled to make one such request for postponement and any postponement made at the request of the trustor shall be for a period not to exceed one business day.

"There may be a maximum of three postponements of the sale proceedings pursuant to this subdivision. In the event that the sale proceedings are postponed three times, the scheduling of any further sale proceedings shall be preceded by the giving of a new notice of sale in the manner prescribed by Section 2924f. A postponement made upon the request of the trustor shall not be deemed a postponement for purposes of this paragraph.

"(2) The trustee shall postpone the sale upon the order of any court of competent jurisdiction; or by operation of law; or by the mutual agreement, whether oral or in writing, of any trustor and any beneficiary or any mortgagor and any mortgagee. Any postponement pursuant to this paragraph shall not be a postponement for purposes of determining the maximum number of postponements permitted pursuant to this subdivision."

plaintiff argues that the word "shall" is generally interpreted as being mandatory and the word "may" is generally interpreted as being discretionary and concludes that the statute has segregated the causes for postponement into two separate subdivisions, the first of which relates to postponements which are discretionary with the trustee and the second of which relates to mandatory postponements. Plaintiff further argues that the phrase "at the discretion of the trustee" found in the first sentence of subdivision (c)(1) appertains to the language "or upon the written request of the trustor" so that, as he reads the statute, upon the written request of the trustor, there may be a postponement of the sale at the discretion of the trustee. Although it must be conceded that the organization and structure of section 2924g leaves much to be desired, we do not agree with plaintiff's interpretation.

In the first place, the language in subdivision (c)(1) "at the discretion of the trustee" is not a phrase modifying either "upon instruction by the beneficiary to the trustee" or "upon the written request of the trustor." The words "at the discretion of the trustee" are separated from the words "upon instruction by the beneficiary" by a comma indicating that "at the discretion of the trustee" is one situation in which the sale may be postponed and that "upon instruction by the beneficiary to the trustee that the sale proceedings be postponed, or upon the written request of the trustor provided the reason for such request is to permit the trustor to obtain cash sufficient to satisfy the obligation or bid at the sale" are two additional situations in which the sale may be postponed. Grammatically, the three situations, separated by commas, constitute a series.

Were there any doubt about the matter it would be dissipated by referring to the language of the same provision before section 2924g was rewritten in 1979. It read: "There may be a postponement of the sale proceedings at any time prior to the completion of the sale thereof at the discretion of the trustee, or if the beneficiary instructs the trustee to postpone the sale proceedings." Thus, the section as it formerly read specified two situations in which there might be a postponement of the sale, one of which was "at any time prior to the completion of the sale . . . at the discretion of the trustee." (Stats. 1972, ch. 1056, § 4, p. 1943.) As rewritten in 1979 and amended in 1980, three situations are specified, one of which remained "at any time prior to the completion of the sale . . . at the discretion of the trustee."[3]

---

[3]Section 2924g was again amended in 1984. (See Stats. 1984, ch. 1730, § 4.) The principal change made by the 1984 amendment was the addition of a requirement that the written request for a statutory one-day postponement identify the source from which the funds are being obtained. Neither the 1984 amendment nor the added requirement are at issue, however, on this appeal.

In connection with his argument that the granting of a request for the statutory one-day postponement is discretionary with the trustee, plaintiff appears to place some reliance on a statement found in 1 Miller and Starr, Current Law of California Real Estate, section 3:117, at page 532: "As a general rule, the decision to postpone the sale is within the sole discretion of the trustee, and he can do so over the objections of any party if he considers it necessary to protect the interests of the trustor and/or beneficiary." (Fn. omitted.) While we have little doubt of the accuracy of the quoted statement in context, the authors of the treatise make it clear the statement does not pertain to the situation at hand. They state within the same section on the next succeeding page: "The trustee is required to follow the instructions of the beneficiary, and in practice he usually does" (fn. omitted) and, even more pointedly, at page 260 of the 1984 supplement to volume 1, the authors state: "The trustee *must* postpone the sale when requested by the trustor for one business day in order to allow him time to obtain cash to satisfy the obligation . . . ." (Orig. italics.)

Finally, another provision found in subdivision (c)(1) unmistakably indicates the Legislature intended the statutory one-day postponement to be mandatory if properly requested. Subdivision (c)(1) limits the trustor to making only one request for the statutory one-day postponement. (See fn. 2, *ante*.) There would be no purpose to be served by such a limitation if the request for a statutory one-day postponement could be granted or denied at the discretion of the trustee. ■ It is a cardinal principle of statutory construction that every word, phrase and provision of the statute is to be given meaning and that a statute will not be interpreted in such a way as to render a portion of the statutory language meaningless. (*J. R. Norton Co.* v. *Agricultural Labor Relations Bd.* (1979) 26 Cal.3d 1, 36-37 [160 Cal.Rptr. 710, 603 P.2d 1306]; *Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 233 [273 P.2d 5]; *Kahn* v. *Kahn* (1977) 68 Cal.App.3d 372, 381 [137 Cal.Rptr. 332].)

■ The conclusion is inescapable that the granting of the statutory one-day postponement upon proper request is mandatory, not discretionary with the trustee.

II. *"Trustor" as Used in Section 2924g Includes a Succeeding Owner.*

■ Pointing out that section 2924g gives the right to request the statutory one-day postponement to the "trustor" and that Bernadine Wells was the trustor of both the first and second deeds of trust, not Alvin Lee, plaintiff contends Lee was not a person entitled under the statute to demand the statutory one-day postponement. Plaintiff is of course correct that the statute purports to give the right to demand the statutory one-day postponement to

the "trustor," but we do not agree that the term "trustor" as used in subdivision (c)(1) was intended by the Legislature to limit the right to demand such postponement solely to the original trustor. We believe the term "trustor" as used in subdivision (c)(1) was intended to include also the successor in interest to the original trustor who at the time of the impending trustee's sale is the owner of the property to be sold at the trustee's sale.

■ The manifest purpose of the statutory one-day postponement is to avoid the loss or forfeiture of equity in the property by affording the owner of the property scheduled to be sold a last opportunity to obtain funds with which to pay off the indebtedness secured by the deed of trust under which the trustee's sale has been scheduled. ■ At the inception of a deed of trust the trustor is also the owner of the property. This may account for the Legislature's use of the word "trustor" in the statute but the Legislature cannot have intended to limit the right to request the statutory one-day postponement of sale to the person who was the owner at the time the trust deed was created.

It is common knowledge, and we take judicial notice of the fact, that in California changes in the ownership of real property are frequent and that in many foreclosures the original trustor no longer owns the property. Indeed, in light of antideficiency legislation, the original trustor frequently has no real interest in the property or the scheduled trustee's sale. The instant case, although perhaps not typical, is one in point. Bernadine Wells, the original trustor, no longer has any ownership interest in the property and in all likelihood would not have the slightest interest in requesting a statutory one-day postponement of the sale. Alvin Lee, by contrast, having purchased the property at the trustee's sale under the third deed of trust, was the owner of the property to be sold at the scheduled trustee's sale and was the successor in interest to Bernadine Wells as owner of the property. His interest was the one to be served by the statutory purpose of the prescribed one-day postponement and guided by that statutory purpose, the term "trustor" is properly interpreted to afford him that right. (Cf. § 2924c; *Saucedo* v. *Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309, 314-315 [168 Cal.Rptr. 552] [nonassuming grantee may recover attorney fees because of ownership of the property subject to the secured debt]; *Munger* v. *Moore* (1970) 11 Cal.App.3d 1, 8 [89 Cal.Rptr. 323].) To limit the term "trustor" to the original trustor would defeat the statutory purpose in many if not most cases. ■ The statutory purpose and objective is an important determinant in the interpretation of a statute. (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 467 [289 P.2d 463]; *Cal. Drive-In Restaurant Assn.* v. *Clark* (1943) 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028].)

■ Our conclusion the term "trustor" as used in subdivision (c)(1) of section 2924g is not to be limited to the original trustor is confirmed by the

observation that the term "trustor" in subdivision (b) of the same section would also make no sense if limited to the original trustor. The provision is: "The trustor, if present at the sale, may also, unless the deed of trust or mortgage otherwise provides, direct the order in which property shall be sold, when such property consists of such several known lots or parcels which may be sold to advantage separately, and the trustee shall follow such direction." If the original trustor were gone from the scene, what interest could she, he or it have in directing the order in which various parcels of property should be sold? Only the owner of the property to be sold, i.e., the successor in interest to the original trustor, would be interested in doing that. (Cf. § 2924c; *Saucedo* v. *Mercury Sav. & Loan Assn., supra,* 111 Cal.App.3d 309, 314-315; *Munger* v. *Moore, supra,* 11 Cal.App.3d 1, 8.)

We conclude that the term "trustor" as used in section 2924g includes the successor in interest to the original trustor who owns the property to be sold at the scheduled trustee's sale.

III. *Effect of the Denial of the Request for Postponement*

Plaintiff asserts that the trustee's denial of Lee's request for a statutory one-day postponement was at most an irregularity; that a mere irregularity is not a sufficient basis for setting aside a trustee's sale to a bona fide purchaser (cf. *Taliaferro* v. *Crola* (1957) 152 Cal.App.2d 448, 450 [313 P.2d 136]); and that no summary judgment should have been granted Transtate in any event because a triable issue of fact exists as to its real motive for refusing to issue a trustee's deed. In connection with the last point, plaintiff observes that in proceeding to the trustee's sale under the first deed of trust immediately after completing the trustee's sale under the second deed of trust at which the Bermans purchased the property by successfully bidding in their secured obligation, Transtate wiped out the Bermans to whom they owed fiduciary duties under the second deed of trust.

We do not agree with plaintiff that a trustee's wrongful denial of a properly requested one-day statutory postponement of sale is a mere irregularity. The right to the prescribed postponement is a substantial statutory right. We further observe that the foreclosure procedure, being statutorily prescribed, must be strictly complied with. (See *System Inv. Corp.* v. *Union Bank* (1971) 21 Cal.App.3d 137, 152-153 [98 Cal.Rptr. 735].) But it is true, as plaintiff points out, that no showing was made in the trial court that Lee could have obtained the necessary funds to pay the first and second trust deed indebtednesses had the request for the statutory one-day postponement been granted. Happily, however, we are not required to decide whether under these circumstances Transtate's denial of the requested postponement, standing alone, would constitute a sufficient ground for avoiding

the trustee's sales because that defect coupled with the fact that the property was sold for only a fraction of its value affords an ample basis for the judgment entered by the trial court.

■ While mere inadequacy of price, standing alone, will not justify setting aside a trustee's sale, gross inadequacy of price coupled with even slight unfairness or irregularity is a sufficient basis for setting the sale aside. (*Winbigler* v. *Sherman* (1917) 175 Cal. 270, 275 [165 P. 943]; *Lopez* v. *Bell* (1962) 207 Cal.App.2d 394, 398 [24 Cal.Rptr. 626]; *Foge* v. *Schmidt* (1951) 101 Cal.App.2d 681, 683 [226 P.2d 73].) ■ Here, the only evidence set forth in the affidavits as to the value of the property is that the property had a value of at least $65,000. Plaintiff purchased the property for $12,960. That gross inadequacy coupled with the trustee's refusal to grant the requested statutory one-day postponement constituted a more than sufficient ground for avoiding the sales and for the summary judgment in favor of defendants. And in the circumstances of this case, the motive of Transtate in treating the trustee's sales as invalid and refusing to issue a trustee's deed to plaintiff is irrelevant. Alvin Lee had the right to avoid the sales and he elected to do so by seeking that relief in this action. The sales being properly avoided as to him, Transtate's motives are simply immaterial.

### Disposition

The judgment is affirmed. In the interests of justice the several parties shall bear their own respective costs on appeal.

Morris, P. J., and Rickles, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 22, 1985.