Filed 12/30/13  Bag Fund v. Tavitian CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BAG FUND, INC., | B242424 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC457909) |
| v. | |
| ARA TAVITIAN, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Affirmed.

Law Offices of Dana K. Anderson, Dana K. Anderson; Law Offices of Vincent J. Quigg, Vincent J. Quigg: Law Offices of Dennis Price and Dennis Price for Plaintiff and Appellant.

No appearance for Defendant and Respondent Ara Tavitian.

Wright, Finlay & Zak, Jonathan M. Zak, Jonathan D. Fink and Nicole M. Hoffman for Defendants and Respondents Homeward Residential Inc., Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems, Inc., and Power Default Services, Inc.

Bag Fund, Inc. (Bag Fund), challenges the sustaining of demurrers by several defendants to its second amended complaint. Bag Fund purchased real property after the recording of a notice of default on the first deed of trust. It filed a complaint against several parties prior to the trustee's sale. After the property was sold at the trustee's sale, Bag Fund filed a second amended complaint challenging assignments of the first deed of trust, the recording of a second deed of trust, the failure to provide a beneficiary statement upon demand, and other matters in connection with the foreclosure. We conclude that Bag Fund has shown no error in the sustaining of the demurrers and therefore will affirm the judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Factual Background*

Benjamin Clavan purchased a multi-unit residential property from Ara Tavitian in August 2006. The property is located at 6365-6367 West 6th Street in the City of Los Angeles. Clavan executed a $980,000 promissory note secured by a first deed of trust in favor of a commercial lender and a $400,000 note secured by second deed of trust in favor of Tavitian.

Clavan later refinanced the debt, executing a $1,190,000 promissory note secured by a first deed of trust in favor of American Home Mortgage Corp., dba American Brokers Conduit (ABC).[1] Tavitian completed and signed a beneficiary's demand for

---

[1] Counsel for Home Residential Inc. represents that Homeward Residential Inc. is the current name of the entities that were named in the complaint as American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.

the escrow stating that no money was due on his second deed of trust, and a full reconveyance was recorded on November 20, 2006. A new first deed of trust was recorded on December 7, 2006. It included a rider stating, "Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without lender's prior written permission." Despite the representation by Tavitian in the beneficiary's demand and the fact that no new consideration was given, a new second deed of trust was recorded on December 22, 2006, in favor of Tavitian securing the same $400,000 note.

T.D. Service Company as agent for the beneficiary of the first deed of trust recorded a notice of default and election to sell on June 23, 2009.[2] Korell Harp, on behalf of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for ABC, executed an assignment of the ABC first deed of trust to American Home Mortgage Servicing, Inc. (AHMS) on July 16, 2009. Harp on behalf of AHMS also executed an assignment of the ABC first deed of trust to Deutsche Bank National Trust Company (Deutsche Bank) on the same date. The assignments were recorded on July 21, 2009.

Bag Fund purchased the property from Clavan by grant deed recorded on September 21, 2009. The grant deed stated that there was no documentary transfer tax due because the value of the property exclusive of liens and encumbrances was $100 or

---

[2] Bag Fund and several defendants requested judicial notice of the recorded notice of default and election to sell. It appears that the trial court judicially noticed the document as requested, and so do we. (Evid. Code, § 459, subd. (a).)

3

less and the grantor received no additional compensation. Bag Fund sent a demand for a beneficiary statement and a payoff demand statement pursuant to Civil Code section 2943 to Tavitian on November 12, 2009, and sent a similar demand to AHMS on November 19, 2009. Tavitian and AHMS failed to timely respond to the demands.

The property was sold to Shawn and Sharon Moradian at a trustee's sale on October 31, 2011. A trustee's deed upon sale in favor of the Moradians was recorded on November 8, 2011.

### 2. *Trial Court Proceedings*

Bag Fund filed a complaint in March 2011, prior to the trustee's sale, alleging five counts against Tavitian, Clavan, ABC, and AHMS. Tavitian demurred to the complaint and moved to strike portions of the complaint.[3] ABC and AHMS jointly demurred to the complaint, and Clavan also demurred to the complaint. Bag Fund filed a first amended complaint prior to the hearings on the demurrers.

Tavitian demurred to and moved to strike portions of the first amended complaint. Clavan and AHMS also demurred to the first amended complaint. The trial court sustained the demurrers by Clavan and AHMS with leave to amend and placed Tavitian's demurrer off calendar.

---

[3] Bag Fund named Tavitian individually as a defendant. Tavitian stated in his demurrer that the proper party was Tavitian as trustee of the Ara Tavitian Trust. Bag Fund later named Tavitian individually and as trustee as a defendant in its second amended complaint. We will use the name Tavitian in this opinion to refer to both Tavitian individually and as trustee, as appropriate in context.

Bag Fund filed the operative second amended complaint on October 14, 2011, against Tavitian, Clavan, ABC, AHMS, Deutsche Bank, MERS, Power Default Services, Inc. (Power Default), Harp, and Docx. Bag Fund alleges counts for (1) cancellation of the Tavitian deed of trust, against Tavitian, Clavan, ABC and AHMS; (2) cancellation of the assignments of the ABC first deed of trust, against ABC, AHMS, Deutsche Bank and MERS; (3) unfair business practices (Bus. & Prof. Code, § 17200 et seq.), against Tavitian and Clavan; (4) unfair business practices, against ABC, AHMS, Deutsche Bank, MERS, Harp, and DocX; (5) failure to provide a beneficiary statement upon demand (Civ. Code, § 2943), against Tavitian; (6) failure to provide a payoff statement upon demand (Civ. Code, §§ 2924c, 2943), against ABC and AHMS; (7) intentional interference with prospective economic advantage, against Tavitian; (8) intentional misrepresentation, against Clavan; (9) intentional interference with contractual relationship, against Clavan; (10) quiet title, against Tavitian, AHMS, Deutsche Bank and MERS; and (11) declaratory relief, against all defendants.

AHMS, Deutsche Bank, and MERS jointly demurred to the second amended complaint and filed a request for judicial notice of certain matters. Citing *Anolik v. Bank of America Home Loans* (E.D.Cal. 2011) 2011 WL 1549291 (*Anolik*), the defendants argued that Bag Fund had no standing to challenge the foreclosure because it was not the original borrower, did not assume the loan, and acquired record title after the recording of a notice of default. They also argued that the entire complaint failed to state a cause of action because Bag Fund failed to allege that it tendered full payment of

5

the amount due. The defendants also challenged individual counts on other grounds. Power Default joined in the demurrer.

Tavitian separately demurred to the first, third, fifth, seventh, and tenth counts, and moved to strike portions of the second amended complaint. He argued as to the first and third counts that Bag Fund failed to adequately allege a basis to cancel the Tavitian deed of trust, and failed to adequately allege a cognizable injury or a right to relief under Business and Professions Code section 17200 et seq. He argued as to the fifth count that Bag Fund was not entitled to a payoff demand statement because its demand was untimely under Civil Code section 2943, subdivision (c)(1). He argued as to the seventh count that Bag Fund failed to adequately allege an intentional interference with its prospective economic advantage. Tavitian argued as to the tenth count that Bag Fund had no interest in the property after the trustee's sale and therefore had no basis to sue for quiet title.

Bag Fund moved for leave to file a third amended complaint in December 2011 and filed an amended motion for leave to amend in January 2012. The trial court heard the motion on February 7, 2012, and denied it without prejudice. The court heard the demurrers on February 22, 2012, and took them under submission.

The trial court filed an order ruling on the demurrer in April 2012. Citing *Anolik*, *supra*, 2011 WL 1549291, the court concluded that Bag Fund had no standing to challenge the foreclosure on the first deed of trust because it was not the original borrower, did not assume the loan, and acquired the property after the recording of a notice of default. The court also concluded that Bag Fund failed to state a valid cause

6

of action because it failed to allege a tender of the amount due.  The court therefore sustained without leave to amend the demurrers by AHMS, Deutsche Bank, MERS, and Power Default.  The court also sustained Tavitian's demurrer without leave to amend based on *Anolik* and other grounds stated in the demurrer.  It entered a judgment of dismissal in favor of Tavitian on May 7, 2012, and a judgment of dismissal in favor of AHMS, Deutsche Bank, MERS, and Power Default on June 6, 2012.  Bag Fund timely appealed the judgments.

## *CONTENTIONS*

Bag Fund contends (1) the trial court's order sustaining the demurrer by AHMS, Deutsche Bank, MERS, and Power Default to the second, fourth, sixth, tenth, and eleventh counts and Tavitian's demurrer to the first, third, seventh, and tenth counts on ground that the purported rule that an owner who (a) was not the original borrower, (b) does not assume the loan, and (c) acquires the property after the recording of a notice of default has no standing to complain of any alleged defect in the foreclosure process, was error; (2) the sustaining of the demurrer by AHMS, Deutsche Bank, MERS, and Power Default based on its failure to tender full payment was error; (3) the sustaining of Tavitian's demurrer to the fifth count was error because his loan was not subject to a notice of default at the time of the demand for a payoff statement; and (4) the denial of leave to amend to file a third amended complaint was error because Bag Fund can allege additional facts "due to the foreclosure sale occurring, and certain actions by other defendants not parties to this appeal which happened following the

7

foreclosure sale," and can allege that Harp's signatures on the assignments of the first deed of trust were forged.

## DISCUSSION

1.    *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. *(McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1082.) The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. (*Ibid.*) The plaintiff can make that showing for the first time on appeal. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386.)

2. *The Sustaining of the Demurrer by AHMS and Others to Several Counts Challenging the Trustee's Sale Was Proper Based on Lack of Tender*

A plaintiff seeking to set aside a voidable trustee's sale must tender the amount due under the deed of trust. (*Dimock v. Emerald Properties LLC* (2000) 81 Cal.App.4th 868, 877-878; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117.) "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." (*Karlsen*, *supra*, at p. 117.) The reason for the tender requirement is that an action to set aside a voidable trustee's sale is an action in equity, and a plaintiff seeking equity must do equity by tendering the amount due. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 112.) The tender requirement also ensures that the alleged irregularities actually injured the plaintiff because a plaintiff who could not have redeemed the property in any event suffered no injury as a result of the alleged irregularities. (*Ibid.*) The tender rule is inapplicable, however, to a sale that is void rather than voidable. (*Dimock*, *supra*, at p. 878.)

Bag Fund alleges in the second amended complaint that the trustee's sale is void because Harp had no legal authority to execute the assignments of the ABC deed of trust. We conclude that Bag Fund cannot complain because it suffered no prejudice as a result of the assignments. An assignment of a deed of trust merely substitutes one creditor for another without changing the debtor's obligations or the encumbrance on the property. (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1505; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) Bag Fund alleges no facts showing that it suffered prejudice as a result of any lack of

9

authority to execute the assignments, and there is no reason to believe that ABC as the original beneficiary of the deed of trust would have refrained from foreclosure in these circumstances. We therefore conclude that Bag Fund has no standing to complain about any lack of authority or defective assignments. (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85.) Bag Fund cannot avoid the tender rule on this basis.

Bag Fund also argues that the tender rule is inapplicable to a successor to the borrower who does not assume the original obligation. The authority that it cites (*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291 (*Humboldt*); *Whitman v. Transtate Title Co.* (1985) 165 Cal.App.3d 312, 322-323 (*Whitman*)), however, does not support this broad proposition.

The defendant in *Humboldt*, *supra*, 161 Cal. 285, a widow, challenged the sale of her homestead property after the death of her husband. Her husband had owned the homestead property and a second parcel and executed a promissory note secured by a deed of trust on both properties. (*Id.* at p. 287.) The defendant was not liable for the debt. (*Id.* at p. 291.) Before the trustee's sale, the defendant demanded that the second property be sold first to satisfy the $57,618.30 debt and protect her homestead, but this demand was refused, and the trustees sold both properties. (*Id.* at pp. 287-288.) The trial court found that the second property could have been sold for only $53.30 less than the full amount due. (*Id.* at pp. 288-289.) Although the trustees were authorized to sell both properties as a whole, *Humboldt* held that it was an abuse of discretion to refuse the defendant's request in those circumstances. (*Id.* at p. 290.) *Humboldt* also held that

10

in those circumstances it would be inequitable to require the defendant to tender the full amount due. (*Id.* at p. 291.)

Thus, *Humboldt*, *supra*, 161 Cal. 285, supports the general proposition that the tender rule is inapplicable if it would be inequitable to require a tender (see also *Lona v. Citibank, N.A*, *supra*, 202 Cal.App.4th at p. 113), but does not support the proposition that it would be inequitable to require a tender under the facts in this case. Bag Fund purchased the property, for little or no consideration, after the recording of a notice of default and the assignments. Bag Fund alleges no facts suggesting that requiring a tender in these circumstances would be inequitable.

*Whitman*, *supra*, 165 Cal.App.3d 312, held that gross inadequacy of the sales price together with the trustee's wrongful denial of a request for a one-day statutory postponement of the trustee's sale justified setting aside the sale despite the failure to show an ability to pay the amount due. (*Id.* at pp. 322-323.) *Whitman* is not on point and does not support the proposition that the tender rule is inapplicable here.

We conclude that Bag Fund has shown no error in the sustaining of the demurrer by AHMS, Deutsche Bank, MERS, and Power Default to several counts on based on the tender rule. In its opening brief, Bag Fund does not separately address the individual counts against these defendants and has not shown that the sustaining of the demurrer to any particular count was error. In light of our conclusion, we need not decide whether the trial court properly applied the rule from *Anolik*, *supra*, 2011 WL 1549291.

11

3. *Bag Fund Has Shown No Error in the Sustaining of Tavitian's Demurrer to Several Counts*

Tavitian demurred to the first, third, seventh, and tenth counts on various grounds, as noted above. Bag Fund fails to address those grounds in its opening brief on appeal and instead argues that *Anolik*, *supra*, 2011 WL 1549291, does not accurately reflect California law and does not support the sustaining of the demurrer to those counts. We must affirm the judgment if the sustaining of a general demurrer was correct for any of the reasons stated in the demurrer. (*Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at p. 967.) By failing to address all of the grounds stated in the demurrer, Bag Fund fails to show any error in the sustaining of the demurrer.

4. *Bag Fund Has Shown No Error in the Sustaining of Tavitian's Demurrer to the Fifth Count for Failure to Provide a Beneficiary Statement*

The trial court sustained without leave to amend Tavitian's demurrer to the fifth count for failure to provide a beneficiary statement upon demand pursuant to Civil Code section 2943. The order sustaining the demurrer stated:

"The statute does not apply because under [Civil Code] section 2943(c) the beneficiary need not respond if its loan is subject to 'a filed complaint commencing a judicial foreclosure.' There was, when plaintiff made its demand in November, 2009, a filed complaint commencing a judicial foreclosure on the senior loan. The Trust's loan was subject to the filed complaint because the foreclosure under the senior loan would wipe out the Trust's security interest. The Trust, therefore, was not required to respond to plaintiff's pay-off demand."

12

Civil Code section 2943, subdivision (c)(1) states: "A beneficiary, or his or her authorized agent, shall, on the written demand of an entitled person, or his or her authorized agent, prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand. However, if the loan is subject to a recorded notice of default or a filed complaint commencing a judicial foreclosure, the beneficiary shall have no obligation to prepare and deliver this statement as prescribed unless the written demand is received prior to the first publication of a notice of sale or the notice of the first date of sale established by a court."

Bag Fund argues that the words "the loan" in this provision refer to the beneficiary's loan rather than some other loan on the same property, and Tavitian was not excused from the obligation of preparing and delivering a payoff demand statement because the Tavitian loan was not "subject to" nonjudicial or judicial foreclosure proceedings at the time of the demand. We agree that "the loan" refers to the beneficiary's loan. This is, however, fully consistent with the trial court's ruling.

The question is whether the Tavitian loan was "subject to" foreclosure by virtue of the nonjudicial foreclosure proceedings that had commenced on the senior ABC deed of trust. The trial court reasoned that the answer to this question was "yes" because the foreclosure proceedings on the senior deed of trust threatened to wipe out the Tavitian deed of trust.[4] Bag Fund summarily dismisses the trial court's reasoning by arguing,

---

[4]     The trial court referred to *judicial* foreclosure proceedings on the senior deed of trust. The record shows that *nonjudicial* foreclosure proceedings on the ABC deed of

13

"Even if the Court meant to sustain the demurrer on the basis of a *different* loan on the same property being subject to foreclosure, no case law or legislative history of the statute supports this construction, and no such authority was cited or argued at the trial court below."

Bag Fund cites no authority supporting its construction of the statute, does not discuss the legislative history, and offers no reasoned argument. Instead, Bag Fund only states its conclusion that the trial court was wrong. Absent reasoned argument and citation to legal authority, we conclude that the argument is waived. (*Valov v. Department of Motor Vehicles* (2005) 132 Cal.App.4th 1113, 1132; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) Bag Fund has shown no error in the sustaining of Tavitian's demurrer to the fifth count.

5. *Bag Fund Has Shown No Error in the Denial of Leave to Amend*

Bag Fund contends it is entitled to leave to file a third amended complaint alleging that the assignments were forged and therefore are void. We conclude that Bag Fund cannot avoid the tender rule on this basis because it suffered no prejudice as a result of the assignments, as stated *ante*. Bag Fund also argues that it can allege additional facts "due to the foreclosure sale occurring, and certain actions by other defendants not parties to this appeal which happened following the foreclosure sale." Bag Fund as the plaintiff has the burden to show how the complaint can be amended to

_____

trust commenced in June 2009 with the recording of a notice of default, but there is no indication of any judicial foreclosure proceedings. In any event, this discrepancy is immaterial because the exception in Civil Code section 2943, subdivision (c) expressly applies in the event of either judicial or nonjudicial foreclosure proceedings.

14

state a valid cause of action.  (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1082.)  Bag Fund refers to additional facts but fails to explain how such allegations would cure the defects in the second amended complaint.  We conclude that Bag Fund has shown no abuse in discretion in the denial of leave to amend.

## *DISPOSITION*

The judgments are affirmed.  Respondents are entitled to recover their costs on appeal.

## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.

15