Filed 7/7/21  Dunlevie v. Valletta CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| TONI DUNLEVIE, as Co-Trustee, etc., et al., | |
| Plaintiffs and Respondents, | E072846 & E073362 |
| v. | (Super.Ct.No. INP1700798 ) |
| STEPHEN VALLETTA, | OPINION |
| Defendant and Appellant. | |
| STEPHEN VALLETTA, | |
| Plaintiff and Appellant, | E073356 |
| v. | (Super.Ct.No.PRIN1900734 ) |
| TONI DUNLEVIE, as Co-Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.

Affirmed in part; reversed in part with directions.

1

Law Office of Mark T. Clausen, Mark T. Clausen; Law Office of Murray Zatman and Murray Zatman for Defendant and Appellant.

Bochnewich Law Offices, Peter M. Bochnewich and Jacquetta Bardacos for Plaintiffs and Respondents.

## I.  INTRODUCTION

Plaintiffs and respondents Toni and Jon Dunlevie (Trustees) are the Trustees of the Lucy Mary Valletta Living Trust (the Trust).  In November 2017, Trustees filed a petition for instructions in the Superior Court of Riverside County, pursuant to Probate Code[1] section 17200.  After reaching a settlement with the Trust's beneficiaries, including defendant and appellant Stephen Valletta (appellant), Trustees filed a request for dismissal of their petition in August 2018.  In this consolidated appeal, appellant appeals from three orders following this dismissal:  (1) an order denying his request for attorney fees following his successful defense of a motion to enforce settlement brought by Trustees in the originally dismissed case (case No. E072846); (2) an order denying his request for attorney fees following his successful opposition to a subsequent petition by Trustees seeking enforcement of the settlement (case No. E073362); and (3) an order denying his request for a preliminary injunction to bar Trustees from drawing upon the Trust to pay legal expenses associated with litigation in a subsequent action, which was filed on his behalf and sought to invalidate the settlement (case No. E073356).

---

[1]  Undesignated statutory references are to the Probate Code.

We conclude the probate court relied upon an incorrect understanding of applicable legal principals in denying appellant's request for attorney fees, reverse those orders, and remand the matter to permit the probate court to properly exercise its discretion in ruling on these requests. However, we also conclude the probate court did not abuse its discretion in denying appellant's request for a preliminary injunction, and we affirm that order.

## II. FACTS AND PROCEDURAL HISTORY

A. *Original Probate Petition in Case No. E072846*

On November 17, 2017, Trustees filed a petition in the probate court seeking instructions regarding the interpretation of the Trust document, the establishment of a claim to property, a request for a preliminary injunction, and a modification of the Trust. On December 22, several beneficiaries named in the Trust, including appellant, filed an objection to the petition. Following an apparent settlement of the dispute, Trustees filed a request for dismissal of the entire action with prejudice on August 22, 2018.

On February 13, 2019, Trustees filed a motion to enforce the parties' settlement agreement, alleging that appellant had repudiated the parties' settlement and breached its terms after his retention of new counsel. The motion was opposed by appellant, who also requested an award of attorney fees pursuant to the terms of the settlement agreement,

3

should he be deemed the prevailing party on the motion.[2] On March 12, the probate court held a hearing and issued a ruling denying Trustees' motion,[3] concluding that it lacked jurisdiction to enforce the settlement because the parties failed to request the probate court retain jurisdiction to enforce their settlement prior to the entry of dismissal. The probate court further denied the request for attorney fees concluding that it also lacked jurisdiction "for the same reason."

B. *Second Probate Petition Bearing Case No. E073362*

On March 20, 2019, Trustees filed a new petition seeking enforcement of the settlement agreement, modification of the Trust, and instructions regarding final distribution of the Trust pursuant to the terms of the parties' purported settlement agreement. On April 11, appellant filed a motion to strike this subsequent petition pursuant to Code of Civil Procedure section 425.16. Appellant also filed an opposition to the petition and requested attorney fees, should he be deemed the prevailing party on the petition. On July 23, the probate court entered an order denying Trustees' petition and denying appellant's request for attorney fees in opposition, again stating the view that it lacked jurisdiction to entertain the issues.

---

[2] As relevant here, the purported settlement agreement states: "The prevailing party herein in any action, proceeding, or motion arising from, related to, or seeking to enforce the terms of this Settlement Agreement shall be entitled to recover all costs and expenses incurred, including reasonable attorneys' fees."

[3] The formal order on the motion was not entered until April 2, 2019.

C. *Third Probate Petition Bearing Case No. E073356*

On June 19, 2019, appellant filed his own petition asserting five causes of action against Trustees:  (1) financial elder abuse in violation of Welfare and Institutions Code section 15657.5, arising out of the manner in which Trustees facilitated the formation of the Trust; (2) a contest to the Trustee's first accounting; (3) a request for injunctive relief to prevent Trustees from drawing upon Trust property to pay legal expenses without prior approval from the court during the pendency of his petition; (4) removal of and surcharges against Trustees for an alleged breach of trust; and (5) a claim against Trustees' former attorneys for financial elder abuse in violation of Probate Code section 859.

On June 26, 2019, appellant filed a motion seeking a preliminary injunction to prohibit Trustees from drawing on the Trust to pay any attorney fees or litigation costs pending resolution of appellant's petition.  In support of this motion, appellant submitted the declaration of his counsel.  Counsel attached a deposition transcript of a witness deposed as part of the original probate proceedings initiated by Trustees;[4] e-mail correspondence between attorneys in the prior proceedings; and various correspondence between counsel in the present proceeding regarding appellant's intent to challenge the validity of the settlement agreement, as well as appellant's demand that funds from the

---

[4]  While counsel's declaration stated the attached transcript was a "true and correct" copy, he did not attest to any facts that would suggest he could make such representation.  Counsel did not represent appellant in the prior probate proceedings; neither counsel nor appellant was present for the purported deposition proceeding; and counsel did not explain how he came in possession of the deposition transcript.

Trust not be used to pay any of Trustees' legal expenses while resolution of appellant's petition is pending. Appellant further requested judicial notice of the filings made in the prior probate proceedings in support of his motion for preliminary injunction.

Trustees filed an opposition as well as evidentiary objections to the declaration of appellant's counsel. On July 23, 2019, the probate court held a hearing on the motion. The probate court indicated it had reviewed the written submission of the parties; indicated its tentative ruling was to deny the motion; and asked if any parties wished to be heard further on the motion. When appellant declined to request any explanation for the probate court's tentative ruling or submit any further argument, the probate court adopted its tentative ruling as the final ruling on the motion.

### III. DISCUSSION

In this consolidated appeal, appellant challenges three separate orders of the probate court: (1) the order denying attorney fees following the denial of Trustees' motion to enforce settlement; (2) the order denying attorney fees following the dismissal of Trustees' petition to enforce settlement; and (3) the order denying his motion for a preliminary injunction. We believe the probate court applied an incorrect understanding of the law when denying the requests for attorney fees and remand the matter for further proceedings on that issue, but we find no abuse of discretion in the probate court's denial of a preliminary injunction.

6

A. *Denial of Attorney Fees Following Denial of Motion and Petition to Enforce Settlement*[5]

Appellant argues the probate court abused its discretion in denying his request for attorney fees on Trustees' motion and subsequent petition to enforce the parties' settlement agreement. Neither party challenges the probate court's denial of the motion and dismissal of the petition on the basis that it lacked jurisdiction to enforce the terms of the parties' settlement. However, appellant contends that the lack of subject matter jurisdiction to enforce the settlement agreement did not preclude the probate court from considering his request for attorney fees for successfully arguing the lack of jurisdiction in opposition to these requests. We agree.

" ' "The principle of 'subject matter jurisdiction' relates to the inherent authority of the court involved to deal with the case or matter before it." [Citations.] Thus, in the absence of subject matter jurisdiction, a trial court has no power "to hear or determine [the] case." ' " (*Barry v. State Bar of California* (2017) 2 Cal.5th 318, 324.) However, "lack of subject matter jurisdiction [is not] a bar to awarding attorney fees and costs. Our

---

[5] To the extent Trustees argue the orders denying attorney fees are not appealable, we disagree. The Probate Code expressly authorizes an appeal from an order "[f]ixing, authorizing, allowing, or directing payment of compensation or expenses of an attorney." (§ 1300, subd. (e).) Subsequent case law has interpreted this provision to include an appeal from an order denying a request for attorney fees. (*Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1594-1595.) Additionally, an appeal lies from a final order rendered under section 17200. (§ 1304, subd. (a).) The second order denying attorney fees at issue here was prompted by Trustees' filing of a new petition under section 17200 seeking to "modify" the Trust pursuant to the terms of the parties' settlement agreement. The trial court denied appellant's request for attorney fees as part of its order denying Trustees' petition under section 17200. Thus, the order is clearly an appealable order.

7

courts have held, for example, that a trial court that dismisses a case for lack of subject matter jurisdiction has the power to award costs . . . . [T]rial courts necessarily have jurisdiction to determine the scope of their own jurisdiction, and may award costs as incidental to the jurisdictional determination." (*Id.* at p. 326; see *Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 744 [trial court had power to award costs to defendant who successfully argued the plaintiff's action was barred for lack of subject matter jurisdiction]; see also *State of California ex rel. Standard Elevator Co., Inc. v. West Bay Builders, Inc.* (2011) 197 Cal.App.4th 963, 980 ["full adjudication on the merits is not necessary to achieving prevailing party status for purposes of a fee award" where action was "effectively dismissed for lack of subject matter jurisdiction"].)

" 'Allowance of litigation expenses rests in the sound discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse.' [Citation.] However, a trial court abuses its discretion when it applies the wrong legal standards . . . [and] [w]e decide questions of law de novo." (*People ex rel. Harris v. Shine* (2017) 16 Cal.App.5th 524, 534 (*Harris*).)

Here, the written orders entered by the probate court expressly state that it declined to grant Trustees' requests for relief on the basis that it lacked subject matter jurisdiction to enforce the settlement agreement and further declined to entertain appellant's request for attorney fees "for the same reason." Thus, the record indicates the probate court declined to exercise its discretion to consider appellant's request for attorney fees upon the belief that the lack of subject matter jurisdiction to hear the merits of the underlying controversy also precluded it from considering any request for fees by

8

the very party who successfully argued that the probate court lacked subject matter jurisdiction.

As already detailed *ante*, the lack of subject matter jurisdiction does not deprive the probate court of jurisdiction to determine its own jurisdiction and, where appropriate, to award fees and costs incurred by a party as part of the proceedings necessary to make that jurisdictional determination.[6] To the extent the probate court denied appellant's requests for attorney fees based upon a contrary understanding, it applied an incorrect legal standard constituting an abuse of discretion.

Trustees also argue that the probate court did not abuse its discretion because appellant cannot be considered a prevailing party or the terms of the settlement agreement do not confer a right to attorney fees in the circumstances presented here. We agree that the probate court's jurisdiction to award fees does not necessarily mean that appellant is or should be considered a prevailing party entitled to fees under the parties' settlement agreement. However, the probate court never reached any of these issues because it believed it lacked jurisdiction to award fees at all. Upon remand, the probate court will be able to consider the extent to which appellant should be considered a

---

[6] All of the cases cited by Trustees are distinguishable because they do not deal with an award of fees incidental to the trial court's jurisdictional determination. In *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 433, 442 and *Viejo Bancorp*, *Inc. v. Wood* (1989) 217 Cal.App.3d 200, 208-209, the Court of Appeal reversed awards of attorney fees made in favor of the parties moving to enforce settlement because the trial court lacked subject matter jurisdiction to grant the motions. The issue of attorney fees was never addressed in *Sayta v. Chu* (2017) 17 Cal.App.5th 960. Accordingly, none of these cases address the trial court's authority to award fees and costs incident to proceedings necessary to determine the issue of jurisdiction.

prevailing party,[7] whether terms of the settlement agreement entitle appellant to an award of fees under the circumstances, and the reasonableness of any amount of attorney fees requested. While we reverse the orders denying appellant's request for attorney fees, we express no opinion as to how the probate court should exercise its discretion in determining these additional issues upon remand.

B. *The Trial Court Did Not Abuse Its Discretion in Denying a Preliminary Injunction*

Appellant also contends the probate court abused its discretion in denying his motion for a preliminary injunction seeking to prohibit Trustees from drawing upon Trust assets to pay for litigation expenses pending the resolution of his petition seeking affirmative relief against Trustees. We find no abuse of discretion on this record.

1. General Legal Principles and Standard of Review

"The general purpose of a preliminary injunction is to preserve the status quo pending a determination on the merits of the action. [Citation.] ' "The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or . . . should not be restrained from exercising the right claimed by him." ' " (*SB Liberty*, *LLC v. Isla Verde Assn.*, *Inc.* (2013) 217 Cal.App.4th 272, 280 (*SB Liberty*).) "A trial court must

---

**7** "If, as here, the contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 622.)

10

weigh two interrelated factors when deciding whether to grant a plaintiff's motion for a preliminary injunction: (1) the likelihood that the plaintiff will prevail on the merits at trial, and (2) the relative interim harm to the parties from the issuance or nonissuance of the injunction, that is, the interim harm the plaintiff is likely to sustain if the injunction is denied as compared to the harm the defendant is likely to suffer if the preliminary injunction is issued." (*Ibid.*) The "[p]laintiff carries the burden of proof and persuasion on these issues." (*Drakes Bay Oyster Co. v. California Coastal Com.* (2016) 4 Cal.App.5th 1165, 1172.)[8]

"Normally, '[w]hen a trial court denies an application for a preliminary injunction, it *implicitly* determines that the plaintiffs have failed to satisfy either or both of the "interim harm" and "likelihood of prevailing on the merits" factors. On appeal, the question becomes whether the trial court abused its discretion in ruling on both factors. Even if the appellate court finds that the trial court abused its discretion as to one of the factors, it nevertheless may affirm the trial court's order if it finds no abuse of discretion as to the other.' " (*Right Site Coalition v. Los Angeles Unified School Dist.* (2008) 160 Cal.App.4th 336, 344.)

---

[8] In oral argument, appellant argued that application of the rules governing preliminary injunctions conflicts with a purported new rule articulated in *Harris*, *supra*, 16 Cal.App.5th 524. We disagree. *Harris* involved an appeal from an order granting a trustee's petition for an award of fees pendente lite. (*Id.* at pp. 527-528.) It did not involve a request for preliminary injunction; did not consider the balance of equities in the context of such a request, and did not purport to set forth a new or different rule regarding which party bears the burden in the context of a request for preliminary injunction. The case is procedurally distinguishable and presents no conflict with the otherwise established rules governing requests for preliminary injunctions.

Finally, " 'A trial court will be found to have abused its discretion only when it has " 'exceeded the bounds of reason or contravened the uncontradicted evidence.' " ' " (*SB Liberty*, *supra*, 217 Cal.App.4th at p. 281.) The appellate court "does not 'resolve conflicts in the evidence, reweigh the evidence, or assess the credibility of witnesses. [Citation.] . . . Thus, even when presented by declaration, "if the evidence on the application is in conflict, we must interpret the facts in the light most favorable to the prevailing party and indulge in all reasonable inferences in support of the trial court's order." ' " (*ReadyLink Healthcare v. Cotton* (2005) 126 Cal.App.4th 1006, 1016.)

2. <u>Appellant Failed to Make a Sufficient Showing that He Was Likely to Prevail on the Merits</u>

In moving for a preliminary injunction, appellant argued that he would prevail on the merits solely because the prior settlement agreement between the parties would be deemed unenforceable. Specifically, appellant argued the settlement agreement was unenforceable because it violated various provisions of the Probate Code; appellant's attorney at the time of settlement had an unavoidable conflict of interest; and appellant was coerced into settling the parties' prior dispute. We need not address these arguments in detail because, even assuming appellant established the parties' prior settlement agreement was unenforceable, this was not sufficient to establish he was "likely to prevail" on the merits of his petition.

We note that appellant's petition to the probate court raised five different causes of action. Some of these causes of action had nothing to do with the enforceability of the parties' prior settlement agreement. For example, appellant's first cause of action alleged

12

Trustees engaged in financial elder abuse in violation of Welfare and Institutions Code section 15657.5, arising out of the manner in which Trustees were allegedly involved in the creation or modification of the original Trust instruments; his second cause of action sought an accounting challenging *all* the legal expenses and fees charged to the Trust arising out of prior litigation; and his fourth cause of action sought removal of Trustees for failure to comply with their fiduciary duties because they withheld all distributions from appellant and refused to pay for his care, support, and maintenance as required by the terms of the Trust. These claims allege wrongful acts completely distinct from the issue of whether the prior settlement agreement is enforceable. Thus, even if we were to assume appellants' evidence was sufficient to show that the parties' prior settlement agreement was unenforceable, establishing this fact alone does not suggest he is likely to prevail on his claims of financial elder abuse, his challenge to the appropriateness of any specific legal fees or expenses charged to the Trust, or his challenge to the manner in which Trustees were currently administering the trust.

Here, appellant sought a preliminary injunction to prohibit Trustees from drawing on the Trust to pay any litigation related expenses pending resolution of his petition. However, if Trustees were to ultimately prevail on any one of the asserted causes of action unrelated to the enforceability of the prior settlement agreement, they would likely

13

be entitled to draw on the Trust to pay some of the associated legal fees and expenses.**9**

Thus, in order to show a likelihood of prevailing on the merits, it was incumbent on appellant to address the likelihood he would prevail on all of the asserted claims. The fact that appellant may be able to prevail on one of the five claims asserted by showing that the parties' prior settlement is unenforceable is not sufficient to meet his burden and we find no abuse of discretion in the trial court's denial of a preliminary injunction.

3. Appellant Failed to Make a Sufficient Showing that He Would Be Irreparably Harmed

Additionally, we believe appellant failed to make a sufficient showing that the balance of harms required the issuance of a preliminary injunction in this case.

" 'To obtain a preliminary injunction, a plaintiff ordinarily is required to present evidence of the irreparable injury or interim harm that it will suffer if an injunction is not issued pending an adjudication of the merits.' " (*Amgen Inc. v. California Correctional Health Care Services* (2020) 47 Cal.App.5th 716, 731.) "The showing of potential harm that a plaintiff must make in support of a request for preliminary injunctive relief may be expressed in various linguistic formulations, such as the inadequacy of legal remedies or

---

**9** " ' "The underlying principle which guides the court in allowing costs and attorneys' fees incidental to litigation out of a trust estate is that such litigation is a benefit and a service to the trust," ' and not for the personal benefit of the trustee. [Citations.] Courts have found a trustee's legal services were for the benefit of the trust, and thus payable from trust funds, where the attorney helped prepare an accounting [citation]; successfully defended an accounting [citation] . . . successfully defended against a petition to invalidate the trust [citation]; or successfully defended against a petition to remove or surcharge the trustee." (*Harris*, *supra*, 16 Cal.App.5th at pp. 534-535.)

the threat of irreparable injury [citations], but whatever the choice of words it is clear that a plaintiff must make some showing which would support the exercise of the rather extraordinary power to restrain the defendant's actions prior to a trial on the merits." (*Tahoe Keys Property Owners' Assn. v. State Water Resources Control Bd.* (1994) 23 Cal.App.4th 1459, 1471, fn. Omitted (*Tahoe Keys*).)

Moreover, "[i]n general, if the plaintiff may be fully compensated by the payment of damages in the event he prevails, then preliminary injunctive relief should be denied." (*Tahoe Keys*, *supra*, 23 Cal.App.4th at p. 1471.) "[W]hen an adequate remedy exists at law, and if monetary damages afford adequate relief and are not extremely difficult to ascertain, an injunction cannot be granted." (*Thayer Plymouth Center*, *Inc. v. Chrysler Motors Corp.* (1967) 255 Cal.App.2d 300, 306; see *Pacific Decision Sciences Corp. v. Superior Court* (2004) 121 Cal.App.4th 1100, 1110 ["[B]efore a court may issue a nonstatutory injunction as a provisional remedy for breach of contract, it must appear that monetary relief would not afford adequate relief or that it would be extremely difficult to ascertain the amount of damages."].)

Here, appellant presented no evidence to show irreparable injury or any interim harm that he would suffer absent the issuance of the requested injunction. The only anticipated harm alleged is the improper use of Trust assets to pay legal expenses during the pending litigation. Irrespective of whether such expenses are appropriately charged to the Trust or whether Trustees have a right to pay such expenses under the terms of the Trust instrument, it is apparent that monetary damages can adequately address any theoretical injury posed by these actions. To the extent the probate court determines that

15

Trustees committed a breach of trust, it can charge Trustees with any loss or depreciation in value of the trust estate, any profit made by Trustees as a result, and any profit that would otherwise have accrued to the Trust but for the breach of trust. (§ 16440.) Thus, appellant has an adequate legal remedy in the form of monetary damages to address any potential injury.[10] In such circumstances, there is no showing of irreparable injury justifying the issuance of a preliminary injunction, and we find no abuse of discretion in the probate court's denial of appellant's request.

C. *Appellant's Due Process and Equal Protection Arguments Lack Merit*

In supplemental briefing, appellant also argues that the failure of the Probate Code to require notice, a hearing, and court approval before assets of the Trust may be used to pay expenses related to ongoing litigation involving Trustees violates his constitutional right to due process and equal protection. Specifically, appellant contends the Probate Code's "authorization" of such behavior amounts to a deprivation of a beneficiary's property without notice. We find no merit in this argument.

" 'The Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property, without due process of law; but it adds nothing to the rights of one citizen as against another.' [Citation] The Fourteenth Amendment 'erects no shield

---

**10** While some authorities have recognized an exception where a defendant may ultimately be insolvent (see *West Coast Constr. Co. v. Oceano Sanitary Dist.* (1971) 17 Cal.App.3d 693, 700), appellant made no attempt to show that Trustees were insolvent or otherwise unable to pay should they be found in breach of the Trust. Instead, appellant incorrectly argued that Trustees "have not presented any evidence of their ability to make repayment of fees and costs in the event that they are ultimately required to do so," ignoring the fact that appellant bore the burden to establish the existence of irreparable harm in seeking a preliminary injunction.

16

against merely private conduct, however discriminatory or wrongful.' " (*Garfinkle v. Superior Court of Contra Costa County* (1978) 21 Cal.3d 268, 276-277.) Thus, "[t]he threshold question . . . in any due process case, federal or state, [citation] is whether the challenged conduct involves state action. In order to bring the conduct under the protection of the due process clause, it must be determined that 'there is a sufficiently close nexus between the State and the challenged action . . . so that the action . . . may be fairly treated as that of the State itself.' " (*Homestead Savings v. Darmiento* (1991) 230 Cal.App.3d 424, 431-432 (*Homestead Savings*).)

Likewise, "[t]he equal protection clauses of the United States and California Constitutions are applicable when similarly situated persons are treated differently as a result of state action." (*In re Bender* (1983) 149 Cal.App.3d 380, 386.) The constitutional guarantee of equal protection "proscribes state action denying equal protection of the law; not individual action or other factors not the product of state action." (*People ex rel. Lynch v. San Diego Unified School Dist.* (1971) 19 Cal.App.3d 252, 260; see *Di Donato v. Santini* (1991) 232 Cal.App.3d 721, 735 [" 'With a few exceptions . . . constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities.' "].)

Here, appellant challenges Trustees' act of drawing upon the assets of the Trust to pay expenses related to pending, unresolved litigation. When viewed in the correct context, this act cannot possibly be considered state action subject to the constitutional protections of due process or equal protection.

While the Probate Code contains general provisions regulating the duties and powers of a trustee, this alone is not sufficient to meet the state action requirement. "A state's mere regulation of the exercise of a private power allowed by the state law and which is exercised solely on the basis of the power and without compulsion from the state, does not convert the actor's conduct into state action." (*Homestead Savings*, *supra*, 230 Cal.App.3d at p. 433.)

Importantly, in the context of trust administration, it has long been recognized that " '[t]he extent of the duties and of the powers of a trustee depends primarily upon the terms of the trust. Insofar as the trust instrument expressly or by implication imposes duties or confers powers upon the trustee, the terms of the trust determine the extent of his duties and powers . . . .' " (*Crocker-Citizens Nat'l Bank v. Younger* (1971) 4 Cal.3d 202, 211.) "Normally . . . the trust instrument constitutes the measure of the trustee's powers . . . [and] [e]xcept in unusual or emergency situations the courts will limit the trustees to the powers conferred." (*Stanton v. Wells Fargo Bank & Union Trust Co.* (1957) 150 Cal.App.2d 763, 770.) This includes the trustee's entitlement to use trust assets to retain and compensate attorneys. (*Harris*, *supra*, 16 Cal.App.5th at p. 536 [trust instrument may expand trustee's entitlement to compensation for litigation expenses].)

Consistent with this principle, the Probate Code's general provisions regarding the duties of a trustee, powers of a trustee, and the standard of care for management of a trust, may be expanded or limited by the terms of the trust instrument itself. (§ 16000 [duties of the trustee are to administer trust "according to the trust instrument" and according to statute "except to the extent the trust instrument provides otherwise"];

§ 16200 [powers of the trustee are those "conferred by the trust instrument" and those conferred by statute "except as limited in the trust instrument"]; § 16040, subd. (b) [standard of care applicable to trust management may be expanded or restricted by the trust instrument].)

Further, while the Probate Code provides trustees and beneficiaries the ability to petition the court to resolve disputes (§ 17200), intervention by the courts is never required, and "[t]he administration of trusts is intended to proceed expeditiously and free of judicial intervention, subject to the jurisdiction of the court" (§ 17209). This is no different from any other civil dispute in which private parties may ultimately seek judicial intervention as a means of resolution. The right to seek judicial intervention does not transform the otherwise private acts of a trustee into state action.

Thus, contrary to appellant's characterization, a trustee's acts with respect to the administration of a private trust are purely private acts. The trustee's authority to draw upon the assets of the trust for any specific purpose, and the procedures the trustee must follow in order to do so, are principally governed by the terms of the trust instrument. In this context, the acts of a trustee are purely private acts—even if such actions amount to a breach of the trust—and appellant's due process and equal protection challenge must fail.

Appellant argues that the lack of provisions for advanced judicial intervention places the administration of trusts in a different position than other matters heard by the probate court. However, this does not elevate the issue to one of constitutional concern. " '[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause

19

is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property, without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.' " (*Homestead Savings*, *supra*, 230 Cal.App.3d at p. 431.) The question of whether trust administration should be more vigorously regulated to prevent potential abuse is one better left to the Legislature. We simply note that the Legislature's decision not to impose more vigorous regulation does not run afoul of appellant's right to due process or equal protection under the state or federal constitutions.

## IV.  DISPOSITION

We reverse the order dated April 2, 2019, in case No. E072846, and the order dated July 23, 2019, in case No. E073362, to the extent they deny appellant's request for attorney fees, and we remand those matters to the probate court for further proceedings, during which the probate court shall determine whether appellant should be considered a prevailing party as to the actions in which the court denied the motion to enforce the settlement agreement and denied the petition to enforce the settlement agreement. If the court determines that appellant is the prevailing party as to those matters, the court shall also determine whether the terms of the settlement agreement entitle appellant to an award of fees under the circumstances, and the reasonableness of any attorney fees requested. The order denying appellant's request for preliminary injunction dated

20

July 23, 2019, in case No. E073356, is affirmed.  Each party is to bear its own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                      J.

We concur:


RAMIREZ
                P. J.


SLOUGH
                J.

21